560 A.2d 925

**Chiquita E. MOODY, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (PHILADELPHIA INQUIRER), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 11, 1989.

Decided June 22, 1989.

Larry Pitt, Philadelphia, for petitioner.

Thomas C. Lowry, James M. Connelly, Swartz, Campbell & Detweiler, Philadelphia, for respondents.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Chiquita E. Moody (Claimant) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) which granted a suspension of her benefits effective April 9, 1983. We reverse and remand.

Claimant worked for the Philadelphia Inquirer (Employer) as a district newspaper circulation manager. On November 23, 1980, she suffered a work-related lumbrosacral strain while lifting a bundle of newspapers into her car for delivery. A claim petition was filed and the referee awarded Claimant total disability benefits from November 23, 1980 until August 24, 1982, and partial disability benefits after August 25, 1982, based on a showing of part-time available work.

The referee closed the record in this case on April 18, 1983. The referee did not issue his decision until November 13, 1984. During this period, Employer discovered that on April 9, 1983, Claimant had slipped and fallen in an auto supply store injuring her knee and back and had brought an action to recover damages in the Philadelphia Common Pleas Court. When the referee issued his order, Employer filed a timely appeal to the Board which also requested a remand to present this newly discovered evidence.

Along with its appeal, Employer also filed a request for supersedeas. By order dated February 15, 1985, the Board denied the request for supersedeas as to 80% of Claimant's benefits, but granted it as to attorney fees, costs and expenses. On February 28, 1985, Employer filed a request for reconsideration of the supersedeas order along with a petition for rehearing. On April 25, 1985, the Board granted Employer's petition for rehearing and remanded to the referee. The order stated that the remand rendered the supersedeas moot. (R.R. 19a). Following the remand order, the Employer paid to Claimant 80% of the compensation due from November 23, 1980 until April 8, 1983. Employer refused to pay any compensation after April 8, 1983, contending that as of this date Claimant had suffered a new nonwork-related injury.

On remand, the only evidence Employer introduced was Claimant's deposition and arbitration testimony in the Philadelphia Common Pleas suit. On October 30, 1984, Claimant presented the following testimony at an arbitration hearing:

Q. Ms. Moody is it your testimony today that you injured your back on November 23, 1980?

A. Yes.

Q. And that would be your lower back?

A. Yes.

Q. It is your testimony today that the pain that you are suffering from, the back injury, had ceased to exist by April 9, 1983?

A. Yes.

(Employer's Exhibit 5, p. 26; R.R. 17a). Claimant also testified at a deposition in this lawsuit taken August 10, 1984 that her back pain had gone away by April 9, 1983.

On the basis of this newly discovered evidence the referee suspended benefits effective April 9, 1983, by order dated January 5, 1987. The referee also refused to order the Employer to pay Claimant's costs and medical expenses after April 9, 1983, and denied Claimant's petition for penalties asserting that it was illegal for Employer to unilaterally stop paying compensation after April 8, 1983, despite the fact that supersedeas had been denied with respect to 80% of the compensation awarded. The Board affirmed and Claimant on appeal presents a number of issues which we will review *seriatim.*

■ Claimant first argues that the Board erred in remanding the case for the introduction of newly discovered evidence. In light of our recent decision in *Patterson v. Workmen's Compensation Appeal Board (Manpower/Transpersonnel, Inc.)*, 123 Pa.Commonwealth Ct. 541, 554 A.2d 614 (1989), we cannot say that the Board committed error in granting a properly filed petition for rehearing asserting the existence of newly discovered, noncumulative evidence.

■ Claimant next argues that the referee and Board erred in refusing to grant Claimant's petition for penalties when Employer unilaterally refused to pay any compensation after April 8, 1983. We agree. In his first order, the referee found a work-related injury and granted benefits as of November 23, 1980. Employer requested a supersedeas of this order before the Board and lost with respect to 80% of the compensation. Employer requested that supersedeas be reconsidered, but it was not until April 25, 1985 that the Board remanded, and in doing so specifically noted that the supersedeas issue was moot.

We are thus concerned with the period of time between April 9, 1983 and April 25, 1985 when the Employer simply refused to pay any compensation. What was the Employer's justification for this? The referee's order ordering Employer to pay was still in effect. Supersedeas had been denied with respect to 80% of the compensation awarded.

Employer argues that it ultimately prevailed on remand and succeeded in having Claimant's benefits suspended as of April 9, 1983. Hindsight is always twenty-twenty. Employer could have stopped payment if it had prevailed in its supersedeas request before the Board but it did not. *See Bell Telephone Co. v. Workmen's Compensation Appeal Board (Gussey)*, 91 Pa.Commonwealth Ct. 112, 496 A.2d 1277 (1985). Employer simply took the position that it would prevail on remand and therefore would not pay.

The referee did not issue his second order suspending benefits on remand until January 5, 1987. The referee by backdating the suspension to April 9, 1983 cannot turn back the clock to wipe out Employer's obligation to pay benefits for a two year period of time during which supersedeas had been refused. *See M.A. Bruder & Son, Inc. v. Workmen's Compensation Appeal Board (Harvey)*, 86 Pa.Commonwealth Ct. 353, 485 A.2d 93 (1984). This is the very purpose for which the Supersedeas Fund exists. Employer's proper recourse is to pay as ordered, file for supersedeas, and if denied then to apply to the Fund for reimbursement if Employer is ultimately successful. The Pennsylvania

Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1603, does not give the Employer the right of self-help.

Claimant next contends that the referee erred in granting a suspension on remand because Employer presented no medical evidence whatsoever of a change in Claimant's condition. At the remand hearing, Claimant and several witnesses testified that although Claimant was working part-time as a receptionist, she continued to experience back pain. The referee had previously awarded Claimant partial disability benefits after August 25, 1982, based on Claimant's ability to work part-time. The referee did not reject the Claimant's testimony on remand. The referee did not find Claimant able to return to her former job. The key finding the referee did make, which is quoted below, does not support a suspension:

17. The Referee cannot find what part of Claimant's disability from the November 23, 1980 injury continued after April 9, 1983; in view of the April 9, 1983 injury....

(R.R. 17a).

A suspension may be granted when Claimant's work-related disability diminishes to the point where she may return to work without loss of earnings either at her prior job or a job made available by Employer. *Scobbie v. Workmen's Compensation Appeal Board (Greenville Steel Car Co.)*, 118 Pa.Commonwealth Ct. 424, 545 A.2d 465 (1988). In the present case, the referee made no finding that Claimant could return to work without loss of earnings. The referee made no finding the Claimant's disability had ceased, which would justify a termination, or had diminished to the point she could return to work, which would justify a suspension.

There is no finding that all existing disability is related to the fall of April 9, 1983 and not to the work-related injury of November 23, 1980. Without medical testimony these findings cannot be made. While we do not wish to place this Court's *imprimatur* on Claimant's self-serving testi-

mony, the referee's present findings are clearly insufficient to support a suspension and the case must be remanded.

■ Claimant also contends that Employer refused to pay medical bills submitted for treatment rendered after April 9, 1983. The referee did find these medical bills related to the injury of April 9, 1983, rather than the work-related injury of November 23, 1980. We are unclear on what basis the referee made this decision since no medical testimony was presented on remand. The physician who rendered the services was not the same physician who treated Claimant in 1980. Once again, remand by this Court is necessary so that medical evidence linking the bills to the work-related injury may be introduced. As a further reason for remand, we note that the referee never held a hearing on Claimant's petition for penalties. The order of the Board is reversed and remanded.

## ORDER

NOW, June 22, 1989, the order of the Workmen's Compensation Appeal Board at No. A–92865, dated November 23, 1988, is hereby reversed and this case is remanded for proceedings not inconsistent with this opinion. Jurisdiction relinquished.