Dorothy GRAVES, Petitioner,

v.

WORKMEN'S COMPENSATION AP-PEAL BOARD (LaFRANCE CORPO-RATION and The Travelers Insurance Co.), Respondents.

Commonwealth Court of Pennsylvania.

Submitted May 10, 1996.
Decided July 22, 1996.

David J. Berney, for Petitioner.

Patrick J. Moran, for Respondent, La-France Corporation.

Before DOYLE and FLAHERTY, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Dorothy Graves (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a Workers' Compensation Judge's (WCJ) decision terminating Claimant's benefits as of April 4, 1990. The issue on appeal is not the propriety of

the WCJ's termination of Claimant's benefits, but rather whether penalties and attorneys' fees should be assessed against LaFrance Corporation (Employer) under the Workmen's Compensation Act (Act)[1] on the basis of Employer's refusal to pay Claimant **total** disability benefits pursuant to an interlocutory order of a WCJ.

On December 21, 1989, Claimant was employed as a spray painter for Employer when she suffered a work-related injury to her head. Thereafter, pursuant to a notice of compensation payable, Claimant received temporary total disability in the amount of $292.65 per week.

On May 23, 1990, Employer filed a petition to review the notice of compensation payable as well as a petition to terminate Claimant's compensation benefits, and also requested a supersedeas. Following a hearing held on September 21, 1990, the WCJ denied Employer's supersedeas request by order dated October 19, 1990.

Subsequently, Claimant returned to work on a part-time basis and, accordingly, on November 20, 1990, entered into a supplemental agreement which modified her benefits to $124.65 per week. A second supplemental agreement was executed on December 4, 1990 changing Claimant's compensation rate to $152.65. However, on December 15, 1990, Claimant was once again forced to cease work due to her injury on December 21, 1989.

On May 28, 1991, Claimant filed a penalty petition alleging that she ceased working on December 15, 1990 and, therefore, was entitled to total disability benefits from Employer which Employer had refused to pay. By order dated December 16, 1991, the WCJ confirmed his previous order denying supersedeas and **reinstated Claimant's compensation benefits at the total disability rate**

as stated in the notice of compensation payable. On May 5, 1992, Claimant filed a second petition for penalties alleging that Employer had failed to comply with the WCJ's December 16, 1991 order.

■ Finally, on June 3, 1994, the WCJ granted Employer's termination petition retroactive to April 4, 1990, but denied Claimant's penalty petitions. The Board affirmed the WCJ. On November 27, 1995, Claimant filed both a petition for reconsideration with the Board and a petition for review with this Court.[2]

On appeal to this Court, Claimant argues that, notwithstanding the WCJ's decision which retroactively terminated Claimant's benefits to April 4, 1990, Employer is nevertheless liable to Claimant for the difference between the partial disability rate which Employer paid and the total disability rate due under the WCJ's order of December 16, 1991, payable for the time period of December 15, 1990 to June 3, 1994, the date of the WCJ's decision. Claimant also seeks penalties and attorneys' fees.

Employer counter argues that Claimant's appeal to the Board was untimely filed and, therefore, the Board lacked subject matter jurisdiction over her appeal. For this reason, Employer appears to argue, this Court now lacks jurisdiction to consider Claimant's petition for termination.

■ We turn first to Employer's contention regarding the timeliness of Claimant's appeal to the Board. Section 423 of the Act, 77 P.S. § 853, provides:

> Any party in interest may, within twenty days after notice of a referee's award or disallowance of compensation shall have been served upon him, take an appeal to the board. . . .

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4.

2. Under Section 426 of the Act, 77 P.S. § 871, the Board has discretion to grant a rehearing at any time *prior to final action* by this Court on appeal so long as the petition for rehearing is filed within eighteen months from the entry of the Board's initial award on the merits and the Board files a certified copy of its order granting rehearing with this Court. *Jones v. Workmen's Compensation Appeal Board (Midland–Ross Corp.),* 148 Pa.Cmwlth. 593, 612 A.2d 570 (1992), aff'd per curiam, 537 Pa. 553, 645 A.2d 209 (1994). Therefore, because the Board does not have authority to grant reconsideration *after* the entry of a final order on appeal, the entry of the final order in the instant case divests the Board of jurisdiction to grant Claimant's petition for reconsideration.

Section 406 of the Act, 77 P.S. § 717, provides that a notice is deemed served when mailed and properly stamped. And, pursuant to Section 1908 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1908, in computing statutory time periods, we must exclude the first day and include the last day, and whenever the last day falls on a Saturday or Sunday, such day must be omitted from the computation.

In the instant case, the WCJ decision was mailed, *i.e.,* "served," on June 27, 1994. (Claimant's Exhibit D; Reproduced Record (R.R.) at 101a–104a.) Twenty days from June 27, 1994 was July 17, 1994, which was a Sunday. Accordingly, Claimant's appeal deadline was July 18, 1994, the day on which she actually filed the appeal with the Board. Therefore, we hold that Claimant's appeal was timely filed.

We now address Claimant's argument that Employer violated the WCJ's December 16, 1991 order. In that order the WCJ affirmed his previous order denying supersedeas and ordered Employer to reinstate Claimant's benefits at her **total** disability rate retroactive to December 15, 1990, pending consideration of Employer's underlying petition for termination. Employer, however, continued to pay Claimant only **partial** disability benefits as established in the second supplemental agreement. Employer appears to justify this action by arguing that the supplemental agreement, and not the WCJ's subsequent order, mandated the amount of compensation due Claimant after December 15, 1990.

We conclude that Employer's position has not only been waived[3] but is completely without merit. The second supplemental agreement of December 4, 1990 specifically states that partial compensation is "to continue at [$152.65] until terminated by a further supplemental agreement, order of the Workmen's Compensation [Appeal] Board or *Referee* . . . ." (Supplemental Agreement, 12/4/90; R.R. at 3a.) (Emphasis added.)

Furthermore, we note that the fact that the WCJ ultimately granted Employer's termination petition retroactive to April 4, 1990 did not relieve Employer of its obligation under the December 16, 1991 order to pay Claimant total disability benefits from December 15, 1990 until June 3, 1994. It is well established that absent a supersedeas, the burden remains on the employer to continue to pay compensation during the litigation period. *Winkelmann v. Workmen's Compensation Appeal Board (Estate of O'Neill),* 166 Pa.Cmwlth. 154, 646 A.2d 58 (1994), *petition for allowance of appeal denied,* 540 Pa. 609, 655 A.2d 996 (1995). In *Moody v. Workmen's Compensation Appeal Board (Philadelphia Inquirer),* 127 Pa. Cmwlth.65, 560 A.2d 925 (1989), this Court specifically rejected an employer's argument that because it ultimately succeeded on a suspension petition, the employer's unilateral cessation of benefits was not violative of the Act:

> The referee did not issue his second order suspending benefits on remand until January 5, 1987. The referee by backdating the suspension to April 9, 1983 cannot turn back the clock to wipe out Employer's obligation to pay benefits for a two year period of time during which supersedeas had been refused. This is the very purpose for which the Supersedeas Fund exists. Employer's proper recourse is to pay as ordered, file for supersedeas, and if denied then to apply to the Fund for reimbursement if Employer is ultimately successful. The Pennsylvania Workmen's Compensation Act . . . does not give the Employer the right of self-help. (Citation omitted.)

*Id.* 560 A.2d at 927 (citation omitted).

Accordingly, we hold that Claimant is entitled to $140.00 per week, the difference be-

---

3. We note that Employer has failed to address this issue in its brief to this Court. However, counsel for Employer argued before the WCJ that:

> I want to state clearly on the record that its the [Employer's] position that it has not violated any order. Specifically because benefits were modified appropriately. [Claimant] returned to work with a partial earnings loss and she signed supplemental agreements confirming her return to work. Therefore, we are not in violation of any order and we've been doing what is appropriate.

(Notes of Testimony, 5/20/92, at 3.) Counsel failed to also relate that Claimant stopped working allegedly because of her injury on December 15, 1990.

tween her total disability rate ($292.65 per week) and the partial disability rate paid by Employer ( $152.65 per week), for the closed period of December 15, 1990 to June 3, 1994.

■ Claimant also seeks penalties pursuant to Sections 430 and 435 of the Act, 77 P.S. §§ 971 and 991(d), as well as attorneys' fees pursuant to Section 440 of the Act, 77 P.S. § 996.

Section 430(b) of the Act, 77 P.S. § 971(b), provides that any insurer or employer who terminates, decreases, or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in Section 435 of the Act. Section 435(d) of the Act, 77 P.S. § 991(d), states that the Department, Board or any court which may hear any proceedings brought under the Act shall have the power to impose penalties for violations of the provisions of the Act. Employers and insurers may be penalized ten percent of the amount awarded and interest accrued and payable. Section 435(i) of the Act, 77 P.S. § 991(i). However, in cases of unreasonable or excessive delay by an employer or insurer, such penalty may be increased to twenty percent. *Id.*

■ We recognize that under Section 435 of the Act, a finding of a violation of the Act does not mandate the automatic imposition of a penalty, but rather a WCJ, the Board or the Court has discretion in determining whether to impose penalties.[4] *Dworek v. Workmen's Compensation Appeal Board (Ragnar Benson, Inc.)*, 166 Pa.Cmwlth. 512, 646 A.2d 713 (1994). In this case, the WCJ declined to assess penalties against Employer on the sole basis that "no convincing evidence [was presented] that [Employer] has violated the ... Act in any of its actions." (WCJ's Conclusion of Law No. 4.) The WCJ's conclusion, however, is directly contrary to his specific finding that Employer ignored his December 16, 1991 order (Finding of

Fact No. 6) and, further, this conclusion flies in the face of the uncontradicted evidence that Employer intentionally violated the Act.

As discussed above, because the WCJ denied Employer's request for supersedeas, Employer was obligated to continue to pay compensation during the pendency of the litigation and Employer's failure to do so constituted a violation of Section 430 of the Act. Further, we reiterate that Employer's ultimate success on the merits does not excuse its earlier violations of the Act.

Accordingly, Employer's clear and intentional violation of the Act by withholding total disability benefits (and paying only partial benefits) for the disputed period warrants the imposition of statutory penalties. Further, because Employer's violation of the Act was a flagrant disregard of a WCJ's interlocutory order for an extended period of time, we impose a twenty percent penalty.

Lastly, we turn to Claimant's request for attorneys' fees. Section 440 of the Act, 77 P.S. § 996, provides:

(a) In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe ... in whose favor the matter at issue has been finally determined in whole or in part shall be awarded ... a reasonable sum for costs incurred for attorney's fee ...: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

(b) If counsel fees are awarded and assessed against the insurer or employer, then the referee must make a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the

---

4. We note that Section 435(d) specifically provides that "[t]he department, the board, or **any court which may hear any proceedings brought under this act** shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure...." 77 P.S.

§ 991(d) (emphasis added). Accordingly, although we have not specifically stated so in previous decisions, the language of Section 435(d) clearly grants this Court discretion to assess penalties against an employer or insurer for violating the Act, *independent of a WCJ's or the Board's decision to grant or deny such penalties.*

duration of the proceedings and the time and effort required and actually expended. If the insurer has paid or tendered payment of compensation and the controversy related to the amount of compensation due, *costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.* (Emphasis added.)

Employer's brief to this Court is conspicuously lacking argument regarding any basis for Employer's refusal to comply with the WCJ's order reinstating total disability benefits to Claimant and for contesting its liability under that order. Further, the notes of testimony before the WCJ reveal that Employer only argued that the second supplemental agreement was controlling but did not argue why that agreement took precedence over an order of the WCJ.

Accordingly, because Employer intentionally violated the WCJ's order and offered no excuse for this action, we hold that Employer had no reasonable basis to contest its liability under that order and we grant Claimant's request for attorneys' fees, the amount, based upon the award herein made, to be determined on remand.

### ORDER

NOW, July 22, 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed insofar as it affirmed the Workmen's Compensation Judge's decision to terminate Dorothy Grave's benefits. It is hereby further ordered as follows:

1. LaFrance Corporation is directed to pay Dorothy Graves $140.00 a week for the closed period of December 15, 1990 to June 3, 1994, plus interest accrued at the prevailing commercial rate accrued thereon. The prevailing commercial rate and the interest due is to be determined by the Board on remand.

2. LaFrance is assessed a penalty of 20% of the total of the unpaid compensation amount and the interest due thereon, due under paragraph 1 hereof. The dollar amount of the 20% penalty is to be determined by the Board on remand.

3. LaFrance is directed to pay attorneys' fees incurred by Graves in litigating the penalty petitions, the amount, based upon the award herein made, to be determined by the Board on remand. *See* Section 440(b) of the Act, 77 P.S. § 996(b).

4. This case is remanded to the Board to determine the commercial rate of interest and amount of interest due on $140.00 a week for the closed period of December 15, 1990 to June 3, 1994. The matter is also remanded to the Board to determine the amount of the 20% penalty and the amount of the award to Graves for attorneys' fees she incurred in litigating her penalty petitions.

Jurisdiction relinquished.