**P.R. HOFFMAN MATERIALS,**
Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ZEIGLER),**
Respondent.

Commonwealth Court of Pennsylvania.

Argued April 10, 1997.
Decided May 15, 1997.

---

Perry D. Merlo, Harrisburg, for petitioner.

Fred H. Hait, Carlisle, for respondent.

Before COLINS, President Judge,
SMITH, J., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

P.R. Hoffman Materials (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the Worker's Compensation Judge (WCJ) granting benefits to Mary Jane Zeigler (Claimant) and remanded to the WCJ for a determination of the amount of penalties on her penalty petition which she filed with the Board during the pendency of the Employer's appeal challenging the WCJ's award of benefits.

The facts are not in dispute and are summarized as follows. Claimant last worked for Employer on December 19, 1991. Claimant filed a claim petition on July 29, 1992 alleging that she was disabled as the result of a work-related psychological injury which the Employer denied by answer filed. Several hearings were conducted before the WCJ who, after determining that several work-related incidents constituted abnormal working conditions, concluded that Claimant was eligible for benefits. By decision and order circulated on November 9, 1994, the WCJ ordered the Employer to pay Claimant, with interest, compensation benefits for full-disability beginning January 6, 1992; the WCJ also ordered the Employer to pay all outstanding and future medical bills associated with the claim as well as Claimant's costs of litigation.

On November 29, 1994, the Employer appealed the WCJ's decision to the Board and filed a request for supersedeas which was denied by the Board on December 13, 1994.

On January 24, 1995, while Employer's appeal was pending, Claimant filed with the Board a penalty petition alleging that Employer had not yet complied with the order of the WCJ awarding benefits. On March 22, 1995, the Board heard oral argument on both the Employer's appeal from the WCJ's award of benefits and the Claimant's penalty petition. The Board concluded that Claimant sustained her burden of proving that her psychological injury was other than a subjective reaction to normal working conditions. The Board also concluded that penalties were due because the Employer had not paid Claimant benefits after its request for a supersedeas had been denied. By order of May 30, 1996, the Board affirmed the decision of the WCJ with regard to the granting of benefits and "remanded to the WCJ on the penalty calculation only."

On July 1, 1996, Employer filed a petition for review to this Court.[1] On January 9, 1997, this Court, relying on *FMC Corp. v. Workmen's Compensation Appeal Board (Wadatz)*, 116 Pa.Cmwlth.527, 542 A.2d 616 (1988) and *Murhon v. Workmen's Compensation Appeal Board*, 51 Pa.Cmwlth. 214, 414 A.2d 161 (1980), dismissed the petition for review after having concluded that the Board's order was interlocutory and not within the exception to the finality requirement found in Pennsylvania Rule of Appellate Procedure 341, Pa. R.A.P. 311(f). Employer filed an application for reargument which was granted on February 13, 1997; both parties were directed to file separate briefs on the issue of the appealability of an order that disposes of one petition but remands for consideration of a second petition. The appealability issue and the merits of the petition for review were jointly argued before this Court on April 10, 1997.

With respect to the appealability issue[2], the Employer concedes that, on its face, the order appealed to this Court is interlocutory. An appeal may be taken as of right from any final order of an administrative agency. Pa. R.A.P. 341(a). A "final order" is any order that: 1) disposes of all claims or of all par-

---

1. The Employer also filed a request for supersedeas which was denied by order of this Court dated August 6, 1996.

2. *See* Employer's Brief Addressing Rules 311(f) and 341 of the Appellate Rules of Procedure.

ties; or 2) is expressly defined as a final order by statute. Pa. R.A.P. 341(b). Where more than one claim for relief is presented in an action, an administrative agency may enter a final order as to one or more but fewer than all of the claims but only upon an express determination that an immediate appeal would facilitate resolution of the entire case; such an order becomes appealable when entered. Pa. R.A.P. 341(b)(3) and 341(c). There is no question that the Board's order herein does not meet the definition of a final order as set forth in Pa. R.A.P. 341.

■ Even though interlocutory in nature, an order directing an administrative remand is appealable as of right where the remanded matter does not require the exercise of administrative discretion. Pa. R.A.P. 311(f).[3] The Board's order herein remanded to the WCJ for "the penalty calculation only." This Court has held that the determination of the amount of a penalty requires the exercise of discretion. *Glinka v. Workmen's Compensation Appeal Board (Sears Roebuck and Company)*, 75 Pa.Cmwlth. 504, 462 A.2d 909 (1983).[4] Thus, the Board's order herein is not appealable under Pa. R.A.P. 311(f).

The Employer argues that Board's order is appealable pursuant to Section 702(b) of the Judicial Code which governs interlocutory appeals by permission and provides as herein relevant:

When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, *it shall so state in such order*. The appellate court may thereupon, in its discretion, per-

mit an appeal to be taken from such interlocutory order. (Emphasis added).

42 Pa.C.S. § 702(b). The Board herein, however, makes no such determination in its order. Thus, the Employer's reliance on Section 702(b) of the Judicial Code, 42 Pa. C.S. § 702(b) is misplaced.

■ The Employer next argues that, "in the interest of justice," there cannot be a remand on a petition which does not exist. The essence of the Employer's argument is that the Board lacked authority to remand the matter to the WCJ because the Board did not have jurisdiction to hear the penalty petition in the first place. In support thereof, the Employer directs attention to the Special Rules of Administrative Practice and Procedure Before the Workmen's Compensation Appeal (Administrative Rules) as set forth at 34 Pa.Code §§ 111.1–111.44. The Employer correctly notes that Section 111.31 of the Administrative Rules does not include a penalty petition as one of the specifically identified petitions which the Board may entertain. In so arguing, however, the Employer overlooks Section 435(d) of the Act which provides as herein relevant:

[t]he department, *the board*, or any court which may hear any proceedings brought under this act shall have the power to impose penalties herein for violations of the provisions of this act or such rules and regulations or rules of procedure....(Emphasis added).

77 P.S. § 991(d). Clearly, there is no merit to the Employer's argument since the aforesaid section of the Act provides the Board with the authority to impose penalties. The Board in its opinion herein wrote that "[p]enalties are due where the Defendant fails to pay after its petition for supersedeas is denied, even when the Defendant ultimately prevails in the case," citing *Moody v. Workmen's Compensation Appeal Board (Phila-*

---

3. An example of such an order includes an order of the Board reinstating compensation benefits and remanding to a WCJ for a computation of said benefits. *See* Note to Pa. R.A.P. 311, Subdivision (f) (Administrative Remand).

4. Section 435(d)(i) of the Act provides:
Employers and insurers *may* be penalized a sum not exceeding ten per centum of the

amount awarded and interest accrued and payable: Provided, however, That (sic) such penalty *may* be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable. (Emphasis added).
77 P.S. § 991(d)(i).

*delphia Inquirer*), 127 Pa.Cmwlth. 65, 560 A.2d 925 (1989). The Board having determined to impose penalties properly remanded to the WCJ for "calculation" of the amount thereof.

 The Employer's final argument is that the Board, in granting the penalty petition, violated its due process rights by depriving it of an opportunity to present witnesses and develop factual testimony.[5] In so arguing, however, the Employer prematurely addresses the merits of the Board's decision to grant the penalty petition rather than addressing the appealability of said order.

` Accordingly, since the order before us is interlocutory and unappealable[6], we will quash the Employer's petition for review and remand the case for implementation of the Board's remand order. *See FMC Corp,* 542 A.2d at 617–618 (Pa.Cmwlth.1988).

*ORDER*

AND NOW, this 15th day of May, 1997, the Petition for Review of P.R. Hoffman Materials is quashed and the case is remanded to the Worker's Compensation Judge for implementation of the order of the Workers' Compensation Appeal Board dated May 30, 1996.

Jurisdiction relinquished.

---

**5.** It is well established that a party cannot be penalized without notice and an opportunity to be heard on that issue. *Edmond v. Workmen's Compensation Appeal Board,* 43 Pa.Cmwlth. 458, 402 A.2d 715 (1979). We note that the penalty petition was filed while the Employer's appeal on the underlying claim was pending, at a time approximately two months before argument on said claim. Both parties had a full and fair opportunity to address the penalty issue.

**6.** Having so determined, we need not address the merits of the Employer's appeal from the decision of the WCJ awarding benefits.