# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ayerplace Enterprises, LLC, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 452 C.D. 2016 |
| | : | Submitted: September 23, 2016 |
| Workers' Compensation Appeal | : | |
| Board (Royal), | : | |
| Respondent | : | |

BEFORE:  HONORABLE ROBERT SIMPSON, Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**[1]                    **FILED: February 8, 2017**

This procedurally complex appeal, now before us in the penalty stage, presents an issue of first impression: whether penalties may be imposed against a party that is not an employer subject to the Workers' Compensation Act (Act).[2] During the claim stage, this Court held no employment relationship existed between Frederick Royal (Decedent) and Ayerplace Enterprises, LLC (Ayerplace). Am. Rd. Lines v. Workers' Comp. Appeal Bd. (Royal), 39 A.3d 603 (Pa. Cmwlth. 2012).

Ayerplace petitions for review from the Workers' Compensation Appeal Board's (Board) order that affirmed the order of a Workers' Compensation Judge (WCJ) granting Darlene Royal's (Claimant) penalty petition. Because it is not

---

[1] This opinion was assigned to the author on January 18, 2017.

[2] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§1-1041.4; 2501-2708.

an employer subject to the Act, Ayerplace argues the WCJ lacks jurisdiction to penalize its noncompliance. Ayerplace asserts any penalty award would violate its due process rights. In the alternative, Ayerplace claims entitlement to a credit for an occupational insurance policy (Policy) that it allegedly funded. Recognizing that status as an employer or insurer is a prerequisite to imposing penalties, we reverse.

## I. Background

The initial claim arose from Decedent's March 2007 work injury. In June 2009, the WCJ found Ayerplace and American Road Lines (ARL) jointly and severally liable for claim benefits owed to Claimant (Liability Decision). Ayerplace appealed, and the Uninsured Employer Guaranty Fund (UEGF) sought a supersedeas, which the Board initially denied. On reconsideration, after oral argument, the Board revoked its denial, and granted supersedeas on December 1, 2009.

## A. Penalty Proceeding

Meanwhile, in October 2009, Claimant filed penalty petitions against Ayerplace and ARL for nonpayment of litigation costs, funeral expenses, and Decedent's loss of earnings. Importantly, Claimant did not seek penalties for nonpayment of medical expenses.[3] Claimant alleged both purported employers were required to pay benefits from June 30, 2009 until December 1, 2009.

Before the WCJ decided the penalty petitions, the Board reversed the WCJ's Liability Decision, holding ARL was the sole employer, and the evidence did not support an employment relationship with Ayerplace. See Bd. Op.,

---

[3] The Policy proceeds of $1,000,000.00 paid Decedent's medical expenses.

2

10/13/10. Regardless, the Board concluded ARL was solely liable as Decedent's statutory employer because Ayerplace did not possess workers' compensation insurance. Thus, Ayerplace[4] was not liable for any benefits. As a result, the Board deemed Ayerplace's contention regarding its entitlement to a credit for the Policy moot.

Despite the Board's determination that Ayerplace was not Decedent's employer, the WCJ granted Claimant's penalty petition against Ayerplace. WCJ Decision, 2/14/11, (Penalty Decision). She found Ayerplace violated the Act because it did not comply with her Liability Decision. Specifically, she assessed a 25% penalty against Ayerplace on "its share of survivor benefits ordered by this [WCJ] in [her] [Liability Decision]," $84,628.60, plus 10% interest. Id. at 6. Because ARL timely paid $43,341.02, approximately $3,000 less than half of the total award, she imposed no penalties against ARL. The WCJ also found Ayerplace and ARL engaged in an unreasonable contest, and awarded $1,500.00 in fees, split equally between them. Id.

Ayerplace appealed the WCJ's Penalty Decision, arguing the Board held it was not an employer subject to liability for benefits, and claiming entitlement to a credit for payments under the Policy. Claimant also appealed, arguing the WCJ erred in not assessing a penalty against ARL when it was jointly

_____

[4] UEGF argued joint and several liability imposed full liability on ARL alone as the insured party. Bd. Op., 10/13/10, at 4. The Board did not address UEGF's argument "regarding the extent of … [ARL's] responsibility, as the insured party, to satisfy the entire judgment" because it concluded Ayerplace was not an employer subject to liability. Id. at 27.

and severally liable for payment of the entire award. Bd. Op., 3/21/13, at 3; Reproduced Record (R.R.) at 91.

While these appeals were pending, in early 2012, this Court decided American Road Lines, holding that ARL was Decedent's sole employer; thus, ARL was "solely liable for Decedent's injuries." Id. at 615. We reasoned the evidence did not support any employment relationship between Decedent and Ayerplace. None of the parties appealed.

More than a year after we issued our decision, the Board decided Claimant's and Ayerplace's appeals of the penalty. As to Ayerplace, the Board reasoned that its subsequent "success[] in appellate forums did not relieve it of its obligations under the Act." Bd. Op., 3/21/13, at 11. Recognizing that joint and several liability does not presume equal apportionment of liability, the Board noted "[a]lthough the WCJ originally used wording indicating the parties were jointly and severally liable, her [Penalty Decision] evidences that she deemed each defendant jointly responsible for Claimant's benefits." Id. at 9. The Board acknowledged Ayerplace sought a credit for payment on the Policy in the underlying case, and in the penalty phase, yet the WCJ did not address it.

Accordingly, the Board concluded the WCJ did not issue a reasoned decision, and it vacated the award of penalties against Ayerplace. Bd. Op., 3/21/13. It remanded to the WCJ to "specifically address whether Ayerplace's argument was appropriately before her in this stage of litigation, and [to] assess the argument giving due consideration to the original determination and appellate determinations issued in this matter, incorporating them as part of the record." Id. at 13. The

4

Board also directed the WCJ to render an appropriate assessment as to litigation costs. The Board affirmed the WCJ's order as to the unreasonable contest fees.

## B. Remand Proceeding

On remand, the WCJ held a hearing, but she received no additional evidence. Rejecting Ayerplace's argument that it was not an employer under the Act, the WCJ granted the penalty petition. WCJ Decision, 11/17/14 (Remand Decision). She again concluded Ayerplace violated the Act by not paying benefits ordered in her Liability Decision. Since the penalty petition did not involve medical bills, the WCJ rejected Ayerplace's argument seeking a credit for payments under the Policy as improperly before her. Regardless, the WCJ found Ayerplace was not entitled to a credit because Decedent funded the Policy. As a result, the WCJ imposed a 25% penalty against Ayerplace on its share of benefits payable to Claimant between August 7, 2009, and December 1, 2009, plus 10% interest. As Claimant prevailed on her penalty petition, the WCJ awarded litigation costs. She also awarded $4,297.50 in unreasonable contest fees for prosecuting the credit issue.

Ayerplace appealed the Remand Decision to the Board arguing it was not an employer under the Act; therefore, assessing penalties violated its due process rights. Ayerplace also claimed entitlement to a credit for payments under the Policy.

Ultimately, the Board affirmed the WCJ's assessment of penalties, but reversed her award of unreasonable contest fees. The Board rejected Ayerplace's argument that it was not an employer under the Act, reasoning success on the merits did not excuse a violation of the Act. Bd. Op., 2/19/16, at 9. As to the credit issue,

5

the Board concluded the WCJ did not err in declining to credit payments for the Policy when the proceeds paid medical bills only, which were not at issue. Further, the WCJ found Decedent funded the Policy.

Ayerplace petitions for review.

## II. Discussion

On appeal,[5] Ayerplace argues the Board erred as a matter of law in upholding penalties assessed against it when it is not an employer under the Act. Penalties may only be imposed against employers and insurers, and the Board and this Court held Ayerplace was not an employer subject to liability. Ayerplace asserts the case law holding that a litigant is not divested of liability by subsequent success on the merits is distinguishable. In the alternative, if subject to the Act, Ayerplace maintains it is entitled to a credit for the Policy.

Claimant counters that the WCJ's Liability Decision adjudicated Ayerplace an employer, so it remained such until the Board granted a supersedeas. That Ayerplace was ultimately successful on its argument that it was not an employer did not relieve it from its obligation to pay penalties. Claimant also seeks counsel fees under Pa. R.A.P. 2744, asserting Ayerplace's appeal is frivolous.

---

[5] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger), 38 A.3d 1037 (Pa. Cmwlth. 2011).

## A. Jurisdiction

This case presents a novel issue for our review: whether a litigant adjudicated to be neither an employer nor an insurer under the Act, is nevertheless susceptible to penalties for noncompliance with the Act. Stated differently, may penalties be assessed against a litigant without a showing that the Act applies to the litigant.

### 1. Penalties Generally

A claimant who files a penalty petition must meet her initial burden of proving a violation of the Act occurred. Cozzone v. Workers' Comp. Appeal Bd. (Pa. Mun./E. Goshen Twp.), 73 A.3d 526 (Pa. 2013). The burden then shifts to the employer to prove it did not violate the Act. Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger), 38 A.3d 1037 (Pa. Cmwlth. 2011).

The decision to impose penalties as well as the amount of penalties is within the discretion of the WCJ. Brutico v. Workers' Comp. Appeal Bd. (U.S. Airways, Inc.), 866 A.2d 1152 (Pa. Cmwlth. 2004). The WCJ's decision on penalties will not be disturbed on appeal absent an abuse of discretion. City of Phila. v. Workers' Comp. Appeal Bd. (Sherlock), 934 A.2d 156, 161 (Pa. Cmwlth. 2007). "An abuse of discretion is not merely an error of judgment[,] but occurs when the law is misapplied in reaching a conclusion." Id. at 161.

The purpose of the penalty provision is to ensure compliance with the Act. Yespelkis v. Workers' Comp. Appeal Bd. (Pulmonology Assocs. Inc.), 986 A.2d 194 (Pa. Cmwlth. 2009). Moreover, "[p]enalties should be tied to **some discernible and avoidable wrongful conduct**." Allegis Grp. & Broadspire v.

7

Workers' Comp. Appeal Bd. (Coughenaur), 7 A.3d 325, 328 (Pa. Cmwlth. 2010) (citation omitted) (emphasis in original).

The imposition of penalties under the Act is independent from the merits of the claim. Palmer v. Workers' Comp. Appeal Bd. (City of Phila.), 850 A.2d 72 (Pa. Cmwlth. 2004). Thus, a claimant may pursue penalties while an appeal on the merits of the claim is pending. Cunningham v. Workmen's Comp. Appeal Bd. (Inglis House), 627 A.2d 218 (Pa. Cmwlth. 1993).

## 2. Statutory Limitations

Penalties may only be imposed against insurers or employers. Specifically, Section 430(b) of the Act provides:

> Any insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in section 435, except in the case of payments terminated as provided in section 434.

77 P.S. §971(b) (emphasis added). Pursuant to Section 435(d)(i) of the Act, penalties may be imposed as follows, with emphasis added:

> (d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:
>
> (i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable; Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable

8

or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

77 P.S. §991(d)(i)[6] (emphasis added).

The Act provides: "The term 'employer,' when used in this article [pertaining to penalties], shall mean the employer as defined in article one of this [A]ct, or his duly authorized agent, or his insurer if such insurer has assumed the employer's liability or the fund if the employer be insured therein." Section 401 of the Act, 77 P.S. §701. Article 1, Section 103 of the Act defines "'employer' as … synonymous with master …." 77 P.S. §21.

### 3. Cases

The Board reasoned that at the time Ayerplace declined to pay fatal claim benefits, it had been adjudicated an employer by the WCJ, albeit improperly. The Board was persuaded that cases holding an employer or insurer remains liable for benefits during pending litigation, except while supersedeas is pending, apply. Specifically, the Board relied on our unreported opinion in <u>Wright v. Workers' Compensation Appeal Board (Metro Staffing, Inc./SWIF)</u> (Pa. Cmwlth., No. 1828 C.D. 2011, filed February 21, 2013). However, <u>Wright</u> is distinguishable.

In <u>Wright</u>, we rejected the State Workers' Insurance Fund's (SWIF) argument that it was not an insurer subject to penalties because it did not provide coverage to the employer at the time of the work injury. Significantly, SWIF did not disclaim that it was subject to the Act, and thus beyond the WCJ's and the

---

[6] Added by the Act of February 8, 1972, P.L. 25, <u>as</u> <u>amended</u>.

9

Board's jurisdiction. Indeed, SWIF began paying benefits awarded, and then unilaterally ceased paying benefits without seeking a supersedeas. By contrast, here, Ayerplace consistently resisted application of the Act, arguing it was not an employer subject to its requirements. From the outset, Ayerplace refused to pay benefits to Claimant for this reason. Also, UEGF applied for a supersedeas because Ayerplace lacked workers' compensation insurance. Although the Board initially denied the application, it subsequently revoked that order and granted a supersedeas.

Significantly, all the cases the Board relied upon to affirm the penalties awarded here involved employers under the Act. See Snizaski v. Workers' Comp. Appeal Bd. (Rox Coal Co.), 891 A.2d 1267 (Pa. 2006); Graves v. Workmen's Comp. Appeal Bd. (LaFrance Corp.), 680 A.2d 49 (Pa. Cmwlth. 1996); Moody v. Workmen's Comp. Appeal Bd. (Phila. Inquirer), 560 A.2d 925 (Pa. Cmwlth. 1989). In fact, at some point, each employer acknowledged the Act applied by paying partial benefits. None of the employers argued they were not an employer under the Act. Accordingly, we agree with Ayerplace that these cases are inapposite here.

This case implicates a question of jurisdiction simply not present in Snizaski and its progeny, where the status of the litigant as an employer was unquestioned. Here, Ayerplace consistently disputed its status as an employer. In cases where there is a dispute as to whether a litigant is an employer subject to the Act in the first instance, the Board and the WCJ err in presuming a litigant is an "employer" subject to penalties under Sections 430 and 435 of the Act.

10

The statutory authority to impose penalties is consistently and expressly limited to insurers and employers. Therefore, our first step in analyzing the propriety of a penalty award is whether the entity against which penalties are assessed is within the purview of the Act. See, e.g., Constructo Temps, Inc., v. Workers' Comp. Appeal Bd. (Tennant), 907 A.2d 52 (Pa. Cmwlth. 2006) (en banc) (holding litigant was not an insurer under the Act so that penalties could not be imposed against it).

While there is not a case on point with the present matter, cases involving litigants who were not within the statutory definition of insurers are instructive. Id.; see also Luvine v. Workers' Comp. Appeal Bd. (Erisco Indus.), 881 A.2d 72, 74 (Pa. Cmwlth. 2005) (holding entity not an insurer as defined in the Act and so not subject to penalties). In Luvine, an employer's insurer was declared insolvent, so the Security Fund succeeded in interest and substituted for the insurer in subsequent proceedings. The claimant filed a penalty petition against the Security Fund for its failure to pay benefits within 30 days of this Court's order granting benefits. The WCJ ordered the Security Fund to pay a 10% penalty for the delay. The Board reversed, reasoning the Security Fund was not an insurer under the definition of the term "insurer" in the Act. On appeal, this Court affirmed. We explained that because it was not included in the definition of insurer under the Act, the Security Fund could not be penalized for violating the Act.

Applying that rationale here, penalties may not be imposed against a litigant that does not qualify as an employer under the statutory definition.

11

It is axiomatic that penalties for noncompliance with the Act may only be imposed on litigants that are subject to the Act, and more specifically, subject to the penalty provision. Constructo Temps; Luvine. To construe the Act otherwise would lead to an absurd result, like that here, where a litigant that is neither an insurer nor employer under the Act, and has no liability for benefits, is required to pay penalties.

Just as employment status is a threshold determination that must be made before granting workers' compensation benefits, status as an employer or insurer is a prerequisite to imposing penalties. Since a claimant bears the burden to prove an employer-employee relationship, Universal Am-Can v. Workers' Compensation Appeal Board (Minteer), 762 A.2d 328 (Pa. 2000), a claimant must meet the same burden on a penalty petition when that threshold issue is disputed.

Claimant bore the burden of proof on her penalty petition. Cozzone. Claimant did not establish a master-servant relationship between Decedent and Ayerplace, which is a precondition to requiring compliance with the Act and imposing penalties. Thus, Ayerplace was not subject to penalties under the Act.

**4. Joint and Several Liability**

Further, although not raised by the parties, the Liability Decision presented a unique challenge for calculating penalties. The WCJ found Ayerplace and ARL (employer) *jointly and severally* liable for the total amount awarded. Joint

and several liability is a distinct concept from joint liability,[7] which may presume a 50-50 split. "Joint tortfeasors generally are jointly-and-severally liable for the entire amount of [an award], albeit that a [fact-finder] may assign only a portion of fault to each." Maloney v. Valley Med. Facilities, Inc., 984 A.2d 478, 489 (Pa. 2009).

The "joint and several" provision of the Liability Award poses two problems. First and foremost, appellate courts have not adopted the concept of joint and several liability in the workers' compensation realm. Am. Rd. Lines; cf. Feister v. Workers' Comp. Appeal Bd. (Mellinger Transp., Inc., Donald Mellinger Trucking) (Pa. Cmwlth., Nos. 1005 C.D. 2014, 1042 C.D. 2014, filed May 8, 2015) (unreported), 2015 WL 5432484 (recognizing joint employment relationship).

Second, because each party subject to joint and several liability may be responsible for the entire amount awarded, the Liability Award is unclear which portion Ayerplace was required to pay. Since Ayerplace's responsibility under the Liability Award was imprecise, calculations of a subsequent penalty as a percentage of Ayerplace's initial liability is also unclear.[8]

---

[7] "Joint liability" is defined as "liability shared by two or more parties." BLACK'S LAW DICTIONARY 933 (8th ed. 2004). "Joint and several liability" is defined as "liability that may be apportioned either among two or more parties or to only one or a few select members of the group, at the adversary's discretion." Id.

[8] Section 435(d)(i) contemplates an award of penalties as a percentage of the compensation amount awarded. Thus, penalties may not be imposed if there is no award upon which penalties may be calculated, notwithstanding that a violation of the Act may have occurred. Westinghouse Elec. v. Workers' Comp. Appeal Bd. (Weaver), 823 A.2d 209 (Pa. Cmwlth. 2003); Jaskiewicz v.
**(Footnote continued on next page…)**

13

**5. Summary**

Because Ayerplace did not employ Decedent, and because the WCJ erred in applying joint and several liability to Ayerplace and ARL, we discern an abuse of discretion warranting reversal of the WCJ's Remand Decision. Throughout these proceedings, Ayerplace consistently disclaimed an employment relationship with Decedent. Here, the WCJ had the benefit of the Board's decision while the penalty petition was pending, prior to the remand. On remand from the Board, which directed the WCJ to consider as part of the record the appellate decisions in this case, the WCJ was aware of this Court's reported decision holding that an employment relationship did not exist between Decedent and Ayerplace. Despite these intervening appellate holdings, the WCJ did not consider the elemental question of whether penalties may be imposed against a litigant that is not an employer. As such, the WCJ misapplied the law. Cozzone (reversal of penalties when employer was not subject to penalties); see Enter. Rent-A-Car v. Workers' Comp. Appeal Bd. (Clabaugh), 934 A.2d 124 (Pa. Cmwlth. 2007) (WCJ should consider whether matter is within her jurisdiction prior to penalty award).

Our holding does not disturb our precedent holding that an employer's failure to comply with an order awarding benefits constitutes a violation of the Act. Graves; Moody. That an employer subsequently prevails on its appeal does not excuse earlier violations of the Act. Rather, we emphasize the importance of

---

**(continued…)**

Workmen's Comp. Appeal Bd. (James D. Morrisey, Inc.), 651 A.2d 623 (Pa. Cmwlth. 1994), appeal denied, 661 A.2d 875 (Pa. 1995).

14

ensuring that penalties are only imposed against employers subject to penalties under the Act. The WCJ and the Board did not adhere to this statutory limitation.

Accordingly, we hold the Board erred in affirming the WCJ's grant of Claimant's penalty petition against Ayerplace.[9] Because Claimant did not prevail on her penalty petition, she is not entitled to counsel fees or costs under Section 440 of the Act, 77 P.S. §996.[10]

### B. Counsel Fees

Lastly, we address Claimant's motion for counsel fees and delay damages pursuant to Pa. R.A.P. 2744. Under Rule 2744, an appellate court may award a reasonable counsel fee and delay damages "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Id. Such an award is left to this Court's discretion. Newcomer Prods. v. Workers' Comp. Appeal Bd. (Irvin), 826 A.2d 69 (Pa. Cmwlth. 2003).

The circumstances here do not merit an award of counsel fees or delay damages because Ayerplace had valid grounds for its appeal, and there is no

---

[9] Because we resolve the matter in Ayerplace's favor, we need not address Ayerplace's due process argument, or its argument in the alternative that it is entitled to a credit for payments under the Policy. Nevertheless, we note the WCJ made sufficient findings to support that none of the proceeds from the Policy went toward the loss of earnings or expenses to which the penalty petition pertained. See Remand Decision, F.F. No. 5.

Also, Ayerplace did not establish that it funded the Policy so as to merit a credit. Because Ayerplace did not meet its burden of proof, the WCJ did not err in failing to apply a credit here. Glaze v. Workers' Comp. Appeal Bd. (City of Pittsburgh), 41 A.3d 190 (Pa. Cmwlth. 2012).

[10] Section 440 was added by the Act of February 8, 1972, P.L. 25, as amended.

15

indication that the protracted history of this case resulted from its conduct. Ayerplace presented two arguments that it was not obligated to pay penalties. It prevailed on its argument that it was not an employer under the Act. Because Ayerplace was not an employer, it was not unreasonable for Ayerplace to challenge the penalties.

## III. Conclusion

For the foregoing reasons, the Board's order is reversed. Because Ayerplace prevailed, litigation costs and fees are not assessed. In addition, Claimant's request for fees pursuant to Pa. R.A.P. 2744 is denied.

_____
ROBERT SIMPSON, Judge

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ayerplace Enterprises, LLC, : 
                     Petitioner : 
                               : 
          v. :    No. 452 C.D. 2016 
                               : 
Workers' Compensation Appeal : 
Board (Royal), : 
                    Respondent : 

## O R D E R

**AND NOW**, this 8th day of February, 2017, the order of the Workers' Compensation Appeal Board is **REVERSED**. The request by Darlene Royal for costs and attorneys' fees pursuant to Pa. R.A.P. 2744 is **DENIED**.

 

 

_____
ROBERT SIMPSON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ayerplace Enterprises, LLC,  :
                Petitioner  :
                  :  No.  452 C.D. 2016
          v.  :
                  :  Submitted:  September 23, 2016
Workers' Compensation Appeal  :
Board (Royal),  :
                Respondent  :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge

***OPINION NOT REPORTED***

DISSENTING OPINION BY
JUDGE McCULLOUGH                  FILED:  February 8, 2017

I respectfully dissent because I believe that Ayerplace Enterprises, LLC (Ayerplace), intentionally violated the provisions of the Workers' Compensation Act (Act)[1] by failing to commence payment of benefits to Darlene Royal (Claimant) after the Workers' Compensation Judge (WCJ) issued a decision concluding that Ayerplace was a co-employer of Claimant's husband, Frederick Royal (Decedent), and supersedeas was denied by the Workers' Compensation Appeal Board (Board), thereby warranting the grant of Claimant's penalty petition.

By decision circulated June 30, 2009, the WCJ held that Ayerplace and American Road Lines (ARL) were jointly and severally liable to Decedent and

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4 – 2501-2708.

his dependent family members for the injuries he suffered in the course and scope of his employment on March 14, 2007, and his resultant death less than three months later.[2] The WCJ further held that Decedent was entitled to total disability benefits for the period from March 14, 2007, until June 10, 2007, the date of his death, which were payable to Claimant, and that Claimant was entitled to death benefits. Ayerplace, ARL, and the UEGF appealed to the Board, but only the UEGF sought a supersedeas, which the Board initially denied by order dated August 7, 2009. Following the UEGF's request for reconsideration, the Board issued an order dated December 1, 2009, revoking its earlier denial and granting supersedeas.

As the Majority notes, prior to the Board's supersedeas order, in October 2009, Claimant filed penalty petitions against Ayerplace and ARL for nonpayment of litigation costs, funeral expenses, and Decedent's loss of earnings. Claimant sought penalties for the limited period from June 30, 2009, the date of the WCJ's decision, until December 1, 2009, the date of the Board's order granting supersedeas. Although the Board reversed the WCJ's original June 30, 2009 decision and ultimately concluded that ARL, not Ayerplace, was Decedent's employer while these penalty petitions were pending,[3] Ayerplace still had an obligation to commence payment of benefits to Claimant once the supersedeas was denied, which it admittedly did not, thereby violating the Act. *See Graves v. Workmen's Compensation Appeal Board (LaFrance Corp.)*, 680 A.2d 49 (Pa.

---

[2] Because Ayerplace did not possess workers' compensation insurance coverage, Claimant also filed a notice of claim with the Uninsured Employer Guaranty Fund (UEGF).

[3] This Court, in early 2012, affirmed the Board's decision in this regard. *See American Road Lines v. Workers' Compensation Appeal Board (Royal)*, 39 A.3d 603 (Pa. Cmwlth. 2012).

Cmwlth. 1996); *Moody v. Workmen's Compensation Appeal Board (Philadelphia Inquirer)*, 560 A.2d 925 (Pa. Cmwlth. 1989).

In *Graves*, the employer failed to comply with a December 16, 1991 order from a WCJ which confirmed the denial of supersedeas and reinstated the claimant's total disability benefits. The claimant filed a petition for penalties as a result of the employer's failure to comply with this order. In the meantime, however, the WCJ had granted a termination petition filed by the employer retroactive to April 4, 1990. The WCJ then denied the claimant's penalty petition, which the Board affirmed. On appeal, this Court reversed the denial of the penalty petition, noting that the law was well settled that "absent a supersedeas, the burden remains on the employer to continue to pay compensation during the litigation period." *Id.* at 51.

Additionally, we noted that, under section 430(b) of the Act, "any insurer or employer who terminates, decreases or **refuses to make any payment provided for in the decision** without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in section 435[4]. . . ." *Id.* (quoting 77 P.S. §971(b) (emphasis added)). Because the employer intentionally violated the Act by not complying with the WCJ's decision, even after supersedeas was denied, we held that imposition of a penalty was warranted. In that regard, we stated that "[the employer's] ultimate success on the merits does not excuse its earlier violations of the Act." *Graves*, 680 A.2d at 52.

In *Moody*, this Court specifically rejected an employer's argument that because it ultimately succeeded on a suspension petition, the employer's unilateral cessation of benefits did not violate the Act. The claimant in *Moody*

---

[4] Added by the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. §991.

PAM - 3

sustained a work-related injury in November 1980 and was awarded total disability benefits through August 1982, and partial disability benefits thereafter. The employer appealed and sought supersedeas, which, by order dated February 15, 1985, the Board denied as to 80% of the claimant's benefits but granted as to attorney fees, costs, and expenses. The Board subsequently granted, by order dated April 25, 1985, a petition for rehearing and remanded for the employer to present newly-discovered evidence, noting that the remand rendered its supersedeas moot. Following remand, the employer paid the claimant 80% of compensation for the limited period of November 23, 1980, through April 8, 1983, but refused to pay any compensation thereafter alleging that the claimant had suffered a new, non-work-related injury at that time. The claimant then filed a penalty petition.

The WCJ ultimately granted the employer's suspension petition, retroactive to April 9, 1983, but denied the claimant's penalty petition. The Board affirmed, but this Court reversed, holding that a WCJ "cannot turn back the clock to wipe out [an employer's] obligation to pay benefits for a two year period of time during which supersedeas had been refused." *Moody*, 560 A.2d at 927. We noted that the employer refused to pay compensation benefits for the period from April 8, 1983, to April 25, 1985, when the matter was remanded and the supersedeas was rendered moot. However, we held that the Act does not give an employer "the right of self-help" and that this was the very purpose for which the Supersedeas Fund existed. *Id.* Thus, we concluded that the Board erred in affirming the WCJ's decision denying the claimant's penalty petition.

Contrary to the Majority, these decisions are not inapposite here; rather, these decisions dictate a similar outcome. The fact that a question did not

arise in *Graves* or *Moody* as to who employed the claimants therein does not warrant a different result. In the present case, the WCJ concluded in her original June 30, 2009, decision that Ayerplace was Decedent's co-employer. Ayerplace did not file a request for supersedeas with the Board, and while the UEGF did, said request was denied. At that point in time, Ayerplace had a duty to commence payment of compensation to Claimant. Indeed, this Court has previously held that an employer violates the Act if it does not begin to make payments within 30 days of the date on which its obligation to pay arises, *Thomas v. Workers' Compensation Appeal Board (Delaware County)*, 746 A.2d 1202, 1204 (Pa. Cmwlth. 2000), and that penalties may be assessed where the employer fails to pay compensation when due, *Varkey v. Workers' Compensation Appeal Board (Cardone Industries)*, 827 A.2d 1267, 1275 (Pa. Cmwlth. 2003). Ayerplace admittedly violated the Act by not making any payments of compensation, thereby subjecting itself to penalties.

For these reasons, I would affirm the Board.

_____
PATRICIA A. McCULLOUGH, Judge