**CITY OF PHILADELPHIA, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (William MELLON, Deceased, Doris Mellon), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 16, 2005.

Decided Oct. 26, 2005.

Deborah A. Beck, Philadelphia, for petitioner.

Jenifer Dana Kaufman, Philadelphia, for respondents.

BEFORE: FRIEDMAN, Judge, and LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge LEADBETTER.

Employer, the City of Philadelphia, appeals from an order of the Workers' Compensation Appeal Board (Board) affirming, in part, and modifying an award of benefits to claimant, Doris Mellon. The Board's order also remanded to the Workers' Compensation Judge (WCJ) for additional findings regarding William Mellon's (decedent) average weekly wage. Because the Board's order requires the WCJ to make additional findings of fact and will require the exercise of administrative discretion, it is an unappealable interlocutory order. Thus, we must quash the appeal.

Claimant filed the underlying fatal claim petition based on her husband's dying of lung cancer on April 10, 2003. A hearing followed, which employer did not attend. Employer then filed a late answer to the fatal claim petition. A second hearing was held where exhibits were entered and introduced into evidence but no testimony was taken. The WCJ concluded that the late answer, filed without an adequate excuse, resulted in the admission of the aver-

ments contained in the petition. Consequently, the WCJ ordered employer to pay claimant weekly compensation in the amount of $383.96, retroactive to April 10, 2003, decedent's funeral costs of $4,000.00, costs of $338.44 plus the cost of a transcript from a July 14, 2003 hearing, and attorney's fees of $1,980.00. WCJ Opinion, Claim Number 1080338, at 4–5 (circ'd December 17, 2003). Employer appealed to the Board, which concluded in relevant part, that:

> With respect to the award of ongoing weekly benefits, we are unable to determine if the benefits the WCJ awarded exceed those allowed by the Act. Claimant made allegations regarding Decedent's [average weekly wage] and the WCJ made no findings on the issue. Accordingly, we will vacate the WCJ's award of weekly benefits of $383.96 and remand the matter.

Board Opinion, at 6 (April 27, 2005) (citation omitted). The Board then ordered as follows:

> The Decision and Order of the Worker's Compensation Judge granting Claimant's Fatal Claim Petition is hereby **VACATED** to the extent the WCJ awarded ongoing benefits at a rate of 383.96 [sic] per week. The decision and order is **MODIFIED** to reflect an award of $3,000.00 in burial expenses and to reflect an unreasonable contest attorney's [sic] fees of $1,935.00. The matter is **REMANDED** for additional finding [sic] regarding Decedent's average weekly wage and the corresponding weekly benefit rate. In all other respects, Decision and Order is **AFFIRMED.**

Board Opinion and Order, at 11 (April 27, 2005) (emphasis in original). Employer appealed the Board's order to this court.

■■■ Pursuant to Section 763(a)(1) of the Judicial Code, 42 Pa.C.S. § 763(a)(1), this court has jurisdiction over appeals from final orders of government agencies. A final order is one that disposes of all claims or parties, or is defined as such by order or statute. Pa. R.A.P. 341(b); *Compservices, Inc. v. Workers' Comp. Appeal Bd. (Hoffmaster–Bellini)*, 836 A.2d 170 (Pa.Cmwlth.2003). A court order remanding a case to the local agency for further hearings is generally interlocutory and not a final order. *Domagalski v. Szilli*, 812 A.2d 747 (Pa.Cmwlth.2002). Thus, because the Board's order does not dispose of all claims or parties and is not one defined as final by order or statute, it is not a final order.

■■■ Although appeals are generally only permitted from final orders, in limited circumstances, a party can take an interlocutory appeal. *Kramer v. Zoning Hearing Bd. of Upper Saucon Twp.*, 163 Pa. Cmwlth. 559, 641 A.2d 685 (1994). An interlocutory appeal may be taken when a government unit, such as the Board, remands to the administrative agency "for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion." Pa. R.A.P. 311(f)(1).[1] If a local agency must engage in fact-finding to determine an award calculation, administrative discretion is involved, the order is not final and, thus, the appellate court must quash the appeal. *P.R. Hoffman Materials v. Workmen's Comp. Appeal Bd. (Zeigler)*, 694 A.2d 358 (Pa.Cmwlth.1997).

---

1. In addition to the interlocutory appeal exception in Rule 311(f), other provisions of Rule 311 and Rule 313 provide further exceptions to the final order doctrine not applicable here. *See* Pa. R.A.P. 311 and 313. Moreover, neither party has asked permission to appeal, nor have they sought an amendment to the Board's order which may have removed the jurisdictional impediment to this appeal.

Here, the Board remanded to the WCJ "for additional findings regarding Decedent's average weekly wage." Board Opinion, at 11. In reaching the decision to remand, the Board noted that the WCJ made no findings regarding decedent's average weekly wage and remanded to the WCJ for the explicit purpose of making additional findings and taking, if necessary, additional evidence on the issue.[2] Board Opinion, at 6. In fact, in claimant's fatal claim petition, she did not aver or state decedent's average weekly wage. R.R. 2a. Thus, this is not a mere computation of wages but instead the WCJ will have to engage in fact-finding to determine decedent's average weekly wage, a task that obviously involves administrative discretion. *Compare, SKF USA, Inc. v. Workers' Comp. Appeal Bd. (Smalls),* 728 A.2d 385 (Pa.Cmwlth.1999) (holding that a remand for computation of benefits did not involve administrative discretion). Because the WCJ's determination of decedent's average weekly wage will involve administrative discretion and is not a mere computation, the appeal does not meet the requirements of Pa. R.A.P. 311(f)(1) and is not an appealable interlocutory order.

Thus, since the Board's order is not final and it is not an appealable administrative remand, it is an impermissible interlocutory appeal. Accordingly, we must quash the appeal.

### ORDER

AND NOW, this 26th day of October, 2005, the appeal of the City of Philadelphia in the above captioned matter is hereby QUASHED.

---

2. The Board specifically stated that: "[i]f the WCJ deems it appropriate, he may reopen the record and accept additional evidence regarding Decedent's [average weekly wage]." Board Opinion, at 6.