Jose ARGUELLES, Petitioner

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 2, 2005.

Decided Feb. 17, 2006.

David Crowley, Bellefonte, for petitioner.

Chad L. Allensworth, Asst. Counsel and Victoria S. Freimuth, Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge LEADBETTER.

Jose Arguelles appeals from an order of the Pennsylvania Board of Probation and Parole (Board), which denied, in part, his petition for administrative relief, set a new parole violation maximum date as November 28, 2006, and remanded for further hearings on the issue of whether Arguelles was entitled to credit for time spent at

Kintock Community Corrections Center (Kintock). Because we conclude that this is an interlocutory appeal, we quash the appeal.

■ Arguelles was initially convicted of several violations of The Controlled Substance, Drug, Device and Cosmetic Act[1] and sentenced to serve one and one-half to five years in a Commonwealth correctional facility. On May 7, 2001, the Board paroled Arguelles. On January 27, 2002, while on parole, Arguelles was arrested on new criminal charges in Philadelphia County, imprisoned, and eventually convicted. As a result, on November 17, 2003, he was recommitted as a convicted parole violator, with the Board calculating that he owed backtime in the amount of two years and twenty-four days. Subsequently, Arguelles filed a *pro se* request for administrative relief, alleging that the Board erred in calculating the amount of backtime owed because it failed to credit him with the time he spent under the Board's jurisdiction following his arrest, as well as failing to credit him with time he spent at Kintock.[2] In response, the Board ordered, in pertinent part:

> [B]ecause you assert that you are entitled to credit for time spent at Kintock from July 4, 2001 to approximately November 29, 2001, *an evidentiary hearing will be scheduled to determine if you are entitled to credit for that periods.* [sic] Should you prevail in the evidentiary hearing, your parole violation maximum date will be adjusted as necessary [sic]

Accordingly, your petition for administrative review is denied, *except on the issue of credit for time spent at Kintock from July 4, 2001 to approximately November 29, 2002.*

Original Record, Item 15 at 56; Petitioner's Brief, Appendix B (emphasis in original). Arguelles appeals from this order, alleging that the Board erred in calculating the amount of backtime he owed when it failed to give him credit for time he spent under the Board's jurisdiction.

Before we can reach the merits of this appeal, we must determine whether this court has jurisdiction to do so. Under Section 763(a)(1) of the Judicial Code, this court has jurisdiction over appeals from final orders of government agencies. 42 Pa.C.S. § 763(a)(1); *City of Phila. v. Workers' Comp. Appeal Bd. (Mellon)*, 885 A.2d 640 (Pa.Cmwlth.2005) (*Mellon*). A final order disposes of all claims or parties or is defined as such by statute. Otherwise, the order is interlocutory and, with limited exceptions, the court does not have jurisdiction over an interlocutory appeal. As this court stated in *Mellon*:

> Although appeals are generally only permitted from final orders, in limited circumstances, a party can take an interlocutory appeal. *Kramer v. Zoning Hearing Bd. of Upper Saucon Twp.*, 163 Pa.Cmwlth. 559, 641 A.2d 685 (Pa. Cmwlth.1994). An interlocutory appeal may be taken when a government unit, such as the [Workers' Compensation Appeal] Board, remands to the administrative agency "for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion." Pa. R.A.P. 311(f)(1).[1]

---

1. Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780–101–780–144.

2. From the record, the amount of time Arguelles spent at Kintock is unclear.

1. In addition to the interlocutory appeal exception in Rule 311(f), other provisions of Rule 311 and Rule 313 provide further exceptions to the final order doctrine not applicable here. *See* Pa. R.A.P. 311 and 313. Moreover, neither party has asked permission to appeal, nor have they sought an amendment

to the Board's order which may have removed the jurisdictional impediment to this appeal.

■ If a local agency must engage in fact-finding to determine an award calculation, administrative discretion is involved, the order is not final and, thus, the appellate court must quash the appeal. *P.R. Hoffman Materials v. Workmen's Comp. Appeal Bd. (Zeigler),* 694 A.2d 358 (Pa.Cmwlth.1997).

*Mellon,* 885 A.2d at 642.

Here, the Board ordered a further evidentiary hearing on whether Arguelles was entitled to credit for the time he spent at Kintock. Because additional evidence and/or testimony will be taken and new findings made, the hearing on remand will

involve the exercise of administrative discretion. Thus, this appeal does not meet the requirements of Pa. R.A.P. 311(f)(1) [3] and we do not have jurisdiction to hear it.

### ORDER

AND NOW, this 17th day of February, 2006, the appeal of Jose Arguelles in the above captioned matter is hereby QUASHED.

**3.** Pursuant to Pa. R.A.P. 311(f)(1) an appeal of right is allowed from "an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing

officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion." *Id.*