IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Gantz,                              :
                    Petitioner           :
                                         :
          v.                             : No. 2614 C.D. 2015
                                         : Submitted: June 3, 2016
Pennsylvania Board of Probation          :
and Parole,                              :
                    Respondent           :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                   FILED: July 7, 2016


          John Gantz (Parolee) petitions for review of the decision of the
Pennsylvania Board of Probation and Parole (Board) recommitting him as a
convicted parole violator to serve 12 months backtime.


          On May 8, 2012, Parolee was sentenced to 9 months to 5 years for
violation of his probation and theft of movable property, with a minimum release
date of December 13, 2012, and a maximum release date of March 13, 2017.
Parolee was released on parole on April 4, 2013.

While on parole, on July 3, 2014, Parolee was arrested on new criminal charges and that same day, the Board lodged its detainer against him. Failing to make bail, he remained in jail until March 5, 2015, when he pleaded guilty to the new criminal charges and was sentenced to 11.5 months to 23 months in the county prison, with 300 days credit for time served, followed by 12 months of probation. Parolee was paroled from his county prison sentence on June 18, 2015, and transferred to a State Correctional Institution (SCI) on June 24, 2015.

On August 7, 2015, the Board conducted a Panel Parole Revocation Hearing on the new criminal convictions. Parolee objected as untimely to the revocation hearing because it was not held within 120 days of his conviction on March 5, 2015. The prosecuting agent argued that the hearing was timely because Parolee was unavailable for a revocation hearing until he was released from county prison as he never waived his right to a panel hearing.[1] The Board revoked Parolee's parole, denied him credit for time spent at liberty on parole, recommitted him as a convicted parole violator to serve 12 months backtime when available, and recalculated his maximum release date to February 19, 2019.

---

[1] Our review of the Certified Record shows that Parolee did not sign the Waiver of Panel Hearing, but instead signed the Request for a Panel Hearing dated June 24, 2015. Parolee's brief, however, incorrectly asserts that "[h]e waived his right to a panel hearing on June 24, 2015." (Petitioner's Brief at 3.) If he had waived his right to a hearing, he would then be considered within the jurisdiction of the Department of Corrections and the time for holding a hearing would be calculated from that date. *See* 37 Pa. Code §71.4(1)(ii).

Parolee filed a *pro se* Petition for Administrative Review challenging the credit awarded, the validity of his recommitment, the timeliness of the hearing and alleging that the Board's decision was based on insufficient evidence.

The Board denied Parolee's Petition for Administrative Review insofar as his timeliness and recommitment challenges, reasoning that:

> First, the Board recommitted you as a convicted parole violator for the new [county convictions]. The record does reflect that authorities detained you for the new criminal charges on July 3, 2014 and kept you in the county prison at that time. On March 5, 20[1]5 you pled guilty to the new convictions and the court accepted your guilty plea on that day. The Board obtained official verification of the convictions on May 6, 2015. You were returned to [an SCI] on June 24, 2015 and you never waived your right to a panel hearing.

> The above facts reflect that you were confined outside the jurisdiction of the Pennsylvania Department of Corrections at the time of his [sic] conviction because you were in a county prison and you did not waive your right to a panel hearing. Whether the Board actively sought to see if you wanted to waive your right to a panel hearing while in the county jail is immaterial because you could have sent any written notice to the parole office if this was your intention. As such, the Board was required to hold the revocation hearing within 120 days of the date they received official verification of your return to an SCI. 37 Pa. Code § 71.4(1)(i). In this case, you were returned to an SCI on June 24, 2015 and the Board conducted the panel revocation hearing 44 days later on August 7, 2015, which is well within the 120 days granted by the regulation. Thus, the Board conducted a timely revocation hearing in this case.

> Second, the Board recommitted you as a convicted parole violator based on evidence presented at the

3

revocation hearing. The evidence presented was court documents showing that you were convicted of the offenses indicated in violation of your parole. Thus, the Board acted within its discretion by recommitting you as a convicted parole violator based on the evidence presented.

(Certified Record at 148.) With regard to whether Parolee was due credit for the time spent in a community center and whether the February 19, 2019 maximum date was correct, the Board declined to render a final decision on that issue until after an evidentiary hearing was held on the matter.

On appeal,[2] Parolee argues that his revocation hearing was untimely held, and that March 5, 2015, the date of his guilty plea entry and conviction, and not May 6, 2015, should have been used to mark the start of the applicable 120-day time period under 37 Pa. Code §71.4(1). However, we do not have jurisdiction over this appeal because the Board has yet to render a final decision on whether Parolee is entitled to credit for time spent in a community center, thereby making this appeal interlocutory.

In *Arguelles v. Pennsylvania Board of Probation and Parole*, 892 A.2d 912, 913 (Pa. Cmwlth. 2006), we found that we did not have jurisdiction in a similar case, explaining that:

---

[2] Our scope of review is limited to determining whether the Board's decision is supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

Under Section 763(a)(1) of the Judicial Code, this court has jurisdiction over appeals from final orders of government agencies. 42 Pa. C.S. §763(a)(1); *City of Phila. v. Workers' Comp. Appeal Bd. (Mellon)*, 885 A.2d 640 (Pa. Cmwlth. 2005) (*Mellon*). A final order disposes of all claims or parties or is defined as such by statute. Otherwise, the order is interlocutory and, with limited exceptions, the court does not have jurisdiction over an interlocutory appeal. As this court stated in *Mellon*:

> Although appeals are generally only permitted from final orders, in limited circumstances, a party can take an interlocutory appeal. *Kramer v. Zoning Hearing Bd. of Upper Saucon Twp.*, 163 Pa. Cmwlth. 559, 641 A.2d 685 (Pa. Cmwlth. 1994). An interlocutory appeal may be taken when a government unit, such as the [Workers' Compensation Appeal] Board, remands to the administrative agency "for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion." Pa. R.A.P. 311(f)(1).

> If a local agency must engage in fact-finding to determine an award calculation, administrative discretion is involved, the order is not final and, thus, the appellate court must quash the appeal. *P.R. Hoffman Materials v. Workmen's Comp. Appeal Bd. (Zeigler)*, 694 A.2d 358 (Pa. Cmwlth. 1997). *Mellon*, 885 A.2d at 642.

Just as in *Arguelles*, here, the Board ordered a further evidentiary hearing on whether Parolee was entitled to credit for the time he spent in the community center, for which additional evidence and/or testimony will be taken and new findings will be made. Because the hearing on remand will involve the

5

exercise of administrative discretion, this appeal does not meet the requirements of Pa. R.A.P. 311(f)(1)[3] and we do not have jurisdiction to hear it.

Accordingly, Parolee's appeal is quashed.

_____
DAN PELLEGRINI, Senior Judge

---

[3] Pursuant to Pa. R.A.P. 311(f)(1) an appeal of right is allowed from "an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion."

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Gantz, : 
           Petitioner : 
            : 
          v. : No. 2614 C.D. 2015
            : 
Pennsylvania Board of Probation : 
and Parole, : 
           Respondent : 

**O R D E R**

AND NOW, this 7th day of July, 2016, the appeal of John Gantz from the order of the Pennsylvania Board of Probation and Parole bearing a mailing date of November 30, 2015, is quashed.

_____
DAN PELLEGRINI, Senior Judge