J-A07024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BRIDGET M. GAUSSA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RICHARD C. CRAWFORD | |
| Appellee | No. 1324 WDA 2016 |

Appeal from the Order Entered August 26, 2016
In the Court of Common Pleas of Allegheny County
Family Court at No: FD 08-004098

BEFORE:  OLSON, STABILE, and STRASSBURGER, [*] JJ.

JUDGMENT ORDER BY STABILE, J.:               **FILED JULY 27, 2017**

Appellant, Bridget M. Gaussa ("Mother") appeals from the August 26, 2016 order entered in the Court of Common Pleas of Allegheny County ("trial court") granting Richard C. Crawford's ("Father") exceptions to an order of child support.  Upon review, we quash the appeal as interlocutory.

The procedural and factual history of the matter is undisputed.  Briefly, following Father's petition for modification of support, a hearing officer held a support hearing on April 11, 2016.  The hearing officer made findings of fact and determined that Father's support should be based on his earning capacity as a biomechanical engineer rather than his actual income as a bartender.  The trial court issued an interim support order on April 11, 2016.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Father filed timely exceptions on April 28, 2016, and Mother timely filed cross-exceptions on May 6, 2016. The trial court entered an order on August 26, 2016, granting Father's exceptions, remanding the matter to the hearing officer to determine Father's actual income, and denying Mother's exceptions. On September 7, 2016, Mother filed a timely notice of appeal and concise statement of matters complained of on appeal. The trial court issued a Pa. R.A.P. 1925(a) opinion on October 24, 2016.

Preliminarily, we must determine whether this appeal is properly before this Court. Pa.R.A.P. 311(f) provides an interlocutory appeal as of right from "an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion." Pa.R.A.P. 311(f). As the remand in this matter is to recalculate support using Father's actual earnings, rather than an earning capacity, the hearing officer is required to make factual findings. Thus, because the hearing officer's discretion is to be employed making such finding, the order is not final. **See Arguelles v. Pennsylvania Bd. of Probation and Parole**, 892 A.2d 912, 913 (Pa. Cmwlth. Ct. 2006) ("If a local agency must engage in fact-finding to determine an award calculation, administrative discretion is involved, the order is not final, and thus, the appellate court must quash the appeal.") (citation omitted). Therefore, we must quash the appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2017