# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jessica Chavez,                          :
             Petitioner       :
                              :     No. 1200 C.D. 2023
             v.               :
                              :     Submitted: December 9, 2024
Office of General Counsel,               :
             Respondent      :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE STACY WALLACE, Judge


## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                            **FILED:  January 9, 2025**

Jessica Chavez (Petitioner) has petitioned this Court to review an order issued by the Office of General Counsel (OGC) on September 28, 2023. That order granted an appeal filed by Petitioner and directed the OGC to determine whether to grant Petitioner's request for reimbursement of attorney's fees. After careful review, we quash the appeal for lack of jurisdiction.

## I. BACKGROUND[1]

Christopher Gilchrist was an inmate at the State Correctional Institution (SCI) at Graterford. On February 18, 2018, Gilchrist was brought to the dispensary and later died. Petitioner was a registered nurse on duty in the dispensary at that

---

[1] Unless otherwise stated, we derive the background from the OGC's adjudication and order, dated September 28, 2023, which is supported by the record. *See* OGC's Adjudication & Order, 9/28/23.

time.  The executor of Gilchrist's estate filed an action in federal court against several correctional officers and medical personnel present on the night of his death, including Petitioner.  *See generally London v. Wetzel*, No. 2:20-CV-1025 (E.D. Pa. 2021).

After the lawsuit was filed, the OGC investigated Petitioner's actions on the night in question, focusing on her handling of the man's care leading up to his death.  Based on its review of video footage and related reports, the OGC determined that Petitioner's conduct was either a bad faith exercise of her authority, malicious, or outside the scope of her employment (initial determination).  As a result, the Commonwealth declined to provide her with representation in the action against her.[2]

By letter dated June 22, 2020, the OGC notified Petitioner that she had a right to appeal the initial determination within 10 days.  Additionally, the OGC informed Petitioner that if she did not appeal the initial determination, Petitioner could later request reimbursement of reasonable, private counsel fees and litigation expenses incurred in her defense.  However, the OGC cautioned Petitioner that if she did appeal and a formal adjudication found her ineligible for representation or indemnification, then she would be precluded from seeking reimbursement unless

---

[2] Section 39.3(b)(1) of the Pennsylvania Code provides:

> If the General Counsel or the General Counsel's designee determines that the defendant's conduct was a bad faith exercise of his authority, malicious or outside the scope of his employment, the General Counsel, in his sole discretion, will determine whether the Commonwealth will undertake the defense of the defendant. The Commonwealth will not indemnify the defendant for a judgment against him, and will notify the defendant that he may be subject to personal liability and should engage his own attorney.

4 Pa. Code § 39.3(b)(1).

she prevailed in the litigation.  Petitioner retained independent counsel to represent her.

Eventually, a settlement was reached in the federal lawsuit.  Petitioner was not a party to the settlement, but the claims against her were dismissed with prejudice.  Subsequently, on February 4, 2021, Petitioner sought reimbursement for her legal fees but was denied because the OGC determined that Petitioner had not prevailed in the litigation.

Petitioner appealed this subsequent determination to an OGC adjudicator.  Upon further review, on September 28, 2023, the adjudicator found that Petitioner had prevailed in the litigation and, therefore, directed the OGC to consider whether to grant Petitioner's request for reimbursement pursuant to 4 Pa. Code § 39.3(b)(2).[3]

On October 2, 2023, Petitioner requested a decision from the OGC.  As no decision was forthcoming, Petitioner timely appealed to this Court.  Upon review of the record, this Court directed the parties to address the appealability of the order issued by the OGC adjudicator.  *See* Cmwlth. Ct. Order, 4/8/24.  The parties complied, and we now consider this appeal.

## II. ISSUES

Petitioner has presented several claims that we restate as follows. Petitioner asserts that the order issued by the OGC adjudicator is a final order subject

---

[3] Specifically, it states:

> [i]f the [OGC] or the [OGC's] designee has determined initially that the defendant's conduct was a bad faith exercise of his authority, malicious, or outside the scope of his employment, and the defendant ultimately prevails in the civil action, the [OGC], in his sole discretion, may determine that the Commonwealth will reimburse the defendant for the costs of defense and fees of his private attorney.

4 Pa. Code § 39.3(b)(2).

to our appellate review. *See* Pet'r's Br. at 6, 25-29. Additionally, Petitioner claims that the OGC's dilatory response following the adjudicator's order constitutes an abuse of discretion. *See id.* at 6, 29-32. Finally, according to Petitioner, the OGC's initial determination was not supported by substantial evidence.[4] *See id.* at 6, 32-56.

### III. DISCUSSION[5]

Initially, we consider whether this appeal is properly before us. Petitioner argues that the OGC's order was a final order "stating that [Petitioner] was entitled to reimbursement under 4 Pa. Code § 39.3(b)(2), and [directing] the [OGC] to determine (via her discretion), pursuant to 4 Pa. Code § 39.3(b)(2), whether or not to grant [Petitioner's] request for reimbursement." Pet'r's Br. at 27. The OGC counters that the adjudicator's order is not a final order because the reimbursement determination remains pending. OGC's Br. at 7, 11-12. Consequently, the OGC contends that the order is not properly before this Court and Petitioner's appeal should be quashed or dismissed. *Id.*

The appealability of an order goes to the jurisdiction of this Court, an issue the Court may raise *sua sponte*. *Lin v. Bd. of Revision of Taxes of the City of Phila.*, 137 A.3d 637, 642 (Pa. Cmwlth. 2016). This Court has jurisdiction over appeals from final orders of government agencies. *See* 42 Pa.C.S. § 763(a)(1). Final orders dispose of all parties or claims, unless otherwise permitted by statute or

---

[4] Petitioner's final claim is not properly before this Court. On June 22, 2020, the OGC informed Petitioner in its initial determination that it would not provide her with representation in the underlying litigation but that she retained the right to request reimbursement later, and further, that she had 10 days to appeal this initial decision. *See* Pet. of Appeal, 5/21/21, Ex. 1 (Letter, 6/22/20). Petitioner did not timely appeal. Rather, it was not until February 4, 2021, that Petitioner contested this decision. *See id.*, Ex. 2 (Req. for Reimbursement of Private Att'y Fees, 2/4/21).

[5] This Court's review is limited to a determination of whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary findings of fact are supported by substantial evidence. *Kelly v. Off. of Gen. Counsel*, (Pa. Cmwlth. No. 842 C.D. 2017, filed Nov. 29, 2017), 2017 WL 5760029, slip op. at 5, n.5; 2 Pa.C.S. § 704.

certified by a trial court or reviewing body. Pa.R.A.P. 341(a); *Rae v. Pa. Fun. Dirs. Ass'n*, 977 A.2d 1121 (Pa. 2009). An interlocutory order is not a final, appealable order, and this Court may not assume appellate jurisdiction over an interlocutory order, even if the parties consent to it. *See Pa. State Police, Bureau of Liquor Control Enf't v. Apostolis*, 634 A.2d 681, 682-83 (Pa. Cmwlth. 1993).

If an agency action is not an "adjudication," then it is not subject to judicial review by way of appeal. *See Phila. Cnty. Med. Soc. v. Kaiser*, 699 A.2d 800 (Pa. Cmwlth. 1997); *Thomas v. Mun. Police Officers' Educ. & Training Comm'n*, (Pa. Cmwlth. No. 2144 C.D. 2009, filed Oct. 6, 2010), 2010 WL 9516169, slip op. at 2; 2 Pa.C.S. § 101. Agency action results in an "adjudication" only when a final order is issued, at which point the agency action becomes subject to judicial review, but only after all administrative appeals have been exhausted. *Id.* (defining adjudication as "[a]ny final order, decree, decision, determination, or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made"). *Id.* "Judicial review, absent a valid administrative adjudication or proper record, is a premature interruption of the administrative process." *M.S. v. Pa. State Police*, 212 A.3d 1142, 1148 (Pa. Cmwlth. 2019).

Finally, we note that quashal, rather than dismissal, is the appropriate disposition when a litigant attempts to appeal a non-final order because it accurately reflects our lack of jurisdiction. *See Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 n.3 (Pa. 2001); *Bronson v. Kerestes*, 40 A.3d 1253, 1255 (Pa. Super. 2012) (Strassburger, J., concurring); *see also City of Phila. v. Workers' Comp. Appeal Bd. (Mellon)*, 885 A.2d 640, 642 (Pa. Cmwlth. 2005) (finding quashal where the

petitioner appealed from a non-final order when the Workers' Compensation Appeal Board remanded to the Workers' Compensation Judge for further proceedings).

Here, the OGC adjudicator has merely concluded that Petitioner "prevailed" in the underlying litigation when the claims against her were dismissed with prejudice. *See* OGC's Adjudication & Order, 9/28/23. This success entitles Petitioner to a further determination regarding her request for reimbursement of attorney's fees—a decision that has not yet been made. *See* 4 Pa. Code § 39.3(b)(2). Accordingly, the order entered by the OGC adjudicator is not final and appealable, nor is it an "adjudication" for purposes of Section 101 of the Administrative Agency Law. *Rae*, 977 A.2d at 1121; 2 Pa.C.S. § 101; Pa.R.A.P. 341(a). In our view, judicial review at this stage would constitute a premature interruption of the administrative process. *See M.S.*, 212 A.3d at 1148.

## IV. CONCLUSION

For the foregoing reasons, this Court lacks jurisdiction in this matter and, accordingly, quashes Petitioner's appeal.[6] *Lin*, 137 A.3d at 642; *City of Phila.*, 885 A.2d at 642; 42 Pa.C.S. § 763(a)(1).

_____
**LORI A. DUMAS, Judge**

---

[6] The OGC also asserts that Petitioner lacks standing to appeal. *See* OGC's Br. at 8-11. We do not reach this issue but note our agreement that, as the prevailing party, Petitioner was not aggrieved by the adjudicator's order. *See Almedia v. Workers' Comp. Appeal Bd. (Herman Goldner Co.)*, 844 A.2d 642, 644 (Pa. Cmwlth. 2004) (recognizing that only an aggrieved party has standing to appeal an administrative decision); 2 Pa.C.S. § 702; Pa.R.A.P. 501.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jessica Chavez, :
        Petitioner :
         : No. 1200 C.D. 2023
        v. :
         :
Office of General Counsel, :
        Respondent :

## **O R D E R**

AND NOW, this 9th day of January, 2025, the appeal from the order issued by the Office of General Counsel on September 28, 2023, is QUASHED.

_____

**LORI A. DUMAS, Judge**