IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Payne,                          :
                                       :
                    Petitioner         :
                                       :
        v.                             :  No. 634 C.D. 2024
                                       :  Submitted: September 11, 2025
Pennsylvania Parole Board,             :
                                       :
                    Respondent         :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge (P.)
           HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  October 23, 2025


        Ronald Payne (Parolee) petitions for review of the August 17, 2023 decision (8/17/23 Decision) of the Pennsylvania Parole Board recommitting him as a convicted parole violator (CPV) to serve his unexpired term of 4 years, 11 months, and 27 days.  We quash the appeal.

        On March 5, 1987, Parolee was sentenced in the Philadelphia County Court of Common Pleas to an aggregate 5- to 10-year sentence based on his convictions for a number of crimes involving a robbery with a firearm (PA Sentence).  *See* Certified Record (CR) at 1.  With an effective date of October 21, 1984, Parolee's minimum PA Sentence date was October 21, 1989, and his maximum PA Sentence date was October 21, 1994.  *Id.*  On October 21, 1989, the Board released Parolee to serve a federal detainer sentence at the expiration of his minimum PA Sentence, and his supervision was transferred from the Board to the

parole authorities in the District of Columbia (DC) in January of 1990. *See id.* at 3-6, 14-17, 170.

On March 13, 1992, Parolee was charged in DC with two counts each of premeditated first degree murder and assault with the intent to kill while armed, and one count each of carrying a dangerous weapon and possession of a firearm during a crime of violence. *See* CR at 12-13, 62-63. As a result, on May 27, 1992, the Board issued a warrant for Parolee's arrest based on these charges that he purportedly committed while still under the Board's supervision via the DC authorities (1992 Board Warrant). *See id.* at 7, 15-17.

Subsequently, on December 17, 1993, Parolee was convicted by a jury in the Superior Court of the District of Columbia (DC Court) of all of the charges, and he was sentenced by that Court to an aggregate term of 67 years to life, with a mandatory minimum of 45 years, receiving credit for his incarceration from April 15, 1992, onward (DC Sentence). *See* CR at 62-65; *see also Payne v. United States*, 697 A.2d 1229, 1231 (D.C. App. 1997) ("The two black males emerged from their car and eventually stood in front of the Nissan Pulsar and opened fire, killing Vaughn and Jeter, and injuring Carey in the back and arm. . . . [On-duty DC] Officer [Stacey] Davis identified [Parolee] in court as one of the men he had seen shooting into the Nissan Pulsar.") (footnote omitted).

However, on April 28, 2023, the DC Court granted Parolee's unopposed Motion for Compassionate Release under Section 24-403.04(a) of the 2001 Edition of the District of Columbia Code (DC Code)[1] based on its

---

[1] DC Code §24-403.04(a). In relevant part, Section 24-403.04(a) states:

> (a) Notwithstanding any other provision of law, the [DC Court] ***shall*** modify a term of imprisonment imposed upon a defendant if it

**(Footnote continued on next page…)**

2

determination that Parolee "met his burden and demonstrated[, applying the preponderance of the evidence standard,] that he has been rehabilitated and is no longer a danger to any person or the community." CR at 69. As a result, on May 3, 2023, the Board verified the convictions underlying Parolee's DC Sentence, and he was received into the Pennsylvania Department of Corrections' (DOC) custody based on the 1992 Board Warrant for a parole revocation hearing. *See id.* at 7, 152, 165-66.

On July 13, 2023, a panel parole revocation hearing was conducted before a Board Hearing Examiner. *See* CR at 45-61. At the hearing, Parolee acknowledged the convictions underlying the DC Sentence and only spoke to mitigation of the penalty to be imposed by the Board. *See id.* at 50, 52-57.

Ultimately, on August 17, 2023, the Board mailed the instant 8/17/23 Decision recommitting Parolee as a CPV to serve the unexpired term of his PA Sentence, *i.e.*, 4 years, 11 months, and 27 days. *See* CR at 180-81. However, on September 7, 2023, Parolee filed an Administrative Appeal of his recommitment, asserting the sole claim that "[a] revocation hearing held more than 30 years after a

---

determines the defendant is not a danger to the safety of any other person or the community, pursuant to the factors to be considered in 18 U.S.C. §§3142(g) and 3553(a) and evidence of the defendant's rehabilitation while incarcerated, and

(1) The defendant has a terminal illness, which means a disease or condition with an end-of-life trajectory;

(2) The defendant is 60 years of age or older and has served at least 20 years in prison; or

(3) Other extraordinary and compelling reasons warrant such a modification . . . .

(Emphasis added).

new conviction contravenes [Parolee's] due process right to a timely hearing [under] *Morrissey v. Brewer*, 408 U.S. 471, 487-88 [(1972)]." *Id.* at 183.

As a result, on April 26, 2024, the Board mailed its decision denying Parolee's Administrative Appeal stating, in relevant part:

> The Board's regulation provides that "If a parolee is confined outside the jurisdiction of the [DOC], such as confinement . . . in a [. . .] federal correctional institution . . . where the parolee has not waived the right to a revocation hearing by a panel[. . . ], the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a state correctional facility [(SCI)]." 37 Pa. Code § 71.4(1). Following his return to an SCI on May 3, 2023[,] with a sentence date of December 17, 1993[,] and an official verification date of May 3, 2023, the Board conducted a revocation hearing 71 days later on July 13, 2023. Thus, the revocation hearing was timely.
>
> ***The Board reviewed your case and made the decision to list for review on the May 2024 docket.***
>
> * * *
>
> Accordingly, the appeal panel finds no grounds to grant administrative relief. The [8/17/23 Decision] is **MODIFIED** ***and an eligibility for reparole/review has been established. A new decision has been entered under separate cover***.

CR at 187, 188 (emphasis added).

In turn, on April 29, 2024, the Board issued a new recommitment decision (4/29/24 Decision) modifying the 8/17/23 Decision and stating, in pertinent part:

> MODIFY BOARD ACTION OF 08/09/2023, DUE TO REVIEW OF NEW INFORMATION; AND NOW:

RECOMMIT TO A[N SCI] AS A [CPV] AND REVIEW FOR REPAROLE IN 05/2024.

MITIGATING REASONS: IN CONSIDERATION OF THE FACTS AND [PAROLEE'S] LONG INCARCERATION IN A FEDERAL FACILITY WITH POSITIVE ADJUSTMENT AND SIGNS OF REHABILITATION, THE BOARD WILL REVIEW [PAROLEE] FOR REPAROLE IN MAY 2024.

THE REST OF THE BOARD ACTION REMAINS THE SAME.

CR at 190.

Parolee did not seek an Administrative Appeal or Petition for Administrative Review of the Board's new 4/29/24 Decision recommitting him to serve in an SCI as a CPV based on the convictions underlying his DC sentence, and reviewing his status for reparole in May 2024.[2] Rather, Parolee filed the instant petition for review of the Board's 8/17/23 Decision directly in this Court.[3] On

---

[2] *See* Section 73.1(a)(1) of the Board's regulations, 37 Pa. Code §73.1(a)(1) ("An interested party, by counsel unless unrepresented, may appeal a revocation decision. Appeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order."); Section 73.1(a)(4) of the Board's regulations, 37 Pa. Code §73.1(a)(4) ("Second or subsequent appeals and appeals which are out of time under these rules will not be received."); *see also* Section 73.1(b)(1) of the Board's regulations, 37 Pa. Code §73.1(b)(1) ("A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination."); Section 73.1(b)(3) of the Board's regulations, 37 Pa. Code §73.1(b)(3) ("Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received.").

[3] Our review of the Board's decision is limited to determining whether the Board's decision is supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

appeal, Parolee claims that "the Board [violated Parolee's] constitutional protections to due process of law by waiting 30 years to provide him with a revocation hearing." Petition for Review ¶6; *see also* CR at 183.[4]

However, as we have previously explained:

> Before we can reach the merits of this appeal, we must determine whether this court has jurisdiction to do so. Under Section 763(a)(1) of the Judicial Code, this court has jurisdiction over appeals from final orders of government agencies. 42 Pa. C.S. §763(a)(1); *City of Phila[delphia] v. Workers' Comp[ensation] Appeal B[oard] (Mellon)*, 885 A.2d 640 (Pa. Cmwlth. 2005) (*Mellon*). A final order disposes of all claims or parties or is defined as such by statute. Otherwise, the order is interlocutory, and, with limited exceptions, the court does not have jurisdiction over an interlocutory appeal. As this court stated in *Mellon*:
>
> > Although appeals are generally only permitted from final orders, in limited circumstances, a party can take an interlocutory appeal. *Kramer v. Zoning Hearing B[oard] of Upper Saucon T[ownship]*, 641 A.2d 685 (Pa. Cmwlth.] 1994). An interlocutory appeal may be taken when a government unit, such as the [Workers' Compensation Appeal] Board, remands to the administrative agency "for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion." Pa.R.A.P. 311(f)(1).[FN 1[5]]

---

[4] It should be noted that Parolee's attorney, David Crowley, Esq., has also filed an Application to Withdraw as Counsel (Application) in this matter. However, based on our disposition, we will not reach the merits of the Application.

[5] Pa.R.A.P. 311(f)(1) states, in relevant part: "An appeal may be taken as of right from . . . an order of a . . . government unit remanding a matter to an administrative agency or hearing officer **(Footnote continued on next page…)**

6

FN 1 In addition to the interlocutory appeal exception in Rule 311(f), other provisions of Rule 311 and Rule 313 provide further exceptions to the final order doctrine not applicable here. *See* Pa.R.A.P. 311 and 313. Moreover, neither party has asked permission to appeal, nor have they sought an amendment to the Board's order which may have removed the jurisdictional impediment to this appeal.

If a local agency must engage in fact-finding to determine an award calculation, administrative discretion is involved, the order is not final and, thus, the appellate court must quash the appeal. *P.R. Hoffman Materials v. Workmen's Comp*[*ensation*] *Appeal B*[*oard*] *(Zeigler)*, 694 A.2d 358 (Pa. Cmwlth. 1997).

*Mellon*, 885 A.2d at 642.

*Arguelles v. Pennsylvania Board of Probation and Parole*, 892 A.2d 912, 913-14 (Pa. Cmwlth. 2006).

As outlined above, the Board's disposition of Parolee's Administrative Appeal of the 8/17/23 Decision resulted in a modification of the 8/17/23 Decision, such that the Board was required to exercise its discretion by considering new information, and by directing the consideration of Parolee for reparole in May 2024. In fact, on December 4, 2024, Parolee's attorney filed an Amended Certificate of Service indicating a new mailing address for Parolee at a residential address in Charlotte, North Carolina.[6]   Because the order appealed herein is not a final

for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion[.]" *See also* Pa.R.A.P. 311(a)(8) (an appeal may be taken as right from "[a]n order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties.").

[6] It is proper for this Court to take judicial notice of the docket entries filed in this Court in the above captioned matter. *See, e.g.*, Pa.R.E. 201(b)(2) (permitting courts to take judicial notice **(Footnote continued on next page…)**

appealable order, or an interlocutory order that is appealable as of right, the above-captioned appeal of the Board's 8/17/23 Decision, as modified by its 4/29/24 Decision, will be quashed. *See Arguelles*, 892 A.2d at 914 ("Here, the Board ordered a further evidentiary hearing on whether [the parolee] was entitled to credit for the time he spent at [the community corrections center]. Because additional evidence and/or testimony will be taken, and new findings made, the hearing on remand will involve the exercise of administrative discretion. Thus, this appeal does not meet the requirements of Pa.R.A.P. 311(f)(1) and we do not have jurisdiction to hear it.").[7]

Accordingly, the above-captioned appeal is quashed, and all outstanding petitions or applications are dismissed as moot.

_____
MICHAEL H. WOJCIK, Judge

---

of facts that may be "determined from sources whose accuracy cannot reasonably be questioned"); *Moss v. Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018) ("[T]his Court may take judicial notice of information contained in the publicly[ ]available docket of [the underlying proceedings]," and "'[i]t is well settled that this Court may take judicial notice of pleadings and judgments in other proceedings . . . where, as here, the other proceedings involve the same parties.'") (citations omitted); *Elkington v. Department of Corrections* (Pa. Cmwlth., No. 478 M.D. 2018, filed May 27, 2021), slip op. at 9 n.4 ("Although not introduced by the parties, the underlying criminal proceedings are directly related to the claims made here and are referenced throughout the pleadings, and this Court may take judicial notice of the dockets of other courts of the Commonwealth.") (citations omitted); *see also* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. . . . Non-precedential decisions . . . may be cited for their persuasive value.").

[7] *See also Gantz v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 2614 C.D. 2015, filed July 7, 2016), slip op. at 5-6 ("Just as in *Arguelles*, here, the Board ordered a further evidentia[ry] hearing on whether [the p]arolee was entitled to credit for the time he spent in the community center, for which additional evidence and/or testimony will be taken and new findings will be made. Because the hearing on remand will involve the exercise of administrative discretion, this appeal does not meet the requirements of Pa.R.A.P. 311(f)(1) and we do not have jurisdiction to hear it.") (footnote omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Payne,                           :
                                        :
                    Petitioner          :
                                        :
          v.                            : No. 634 C.D. 2024
                                        :
Pennsylvania Parole Board,              :
                                        :
                    Respondent :

# **O R D E R**

AND NOW, this 23rd day of October, 2025, the above-captioned appeal is QUASHED; all outstanding petitions and/or applications are DISMISSED as moot.

The Prothonotary is directed to mail a copy of this Memorandum Opinion and Order to Petitioner.

_____
MICHAEL H. WOJCIK, Judge