IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jordan Watkins,                          :
                                         :
                    Petitioner           :
                                         :
         v.                              :  No. 1400 C.D. 2024
                                         :  Submitted:  December 8, 2025
Pennsylvania Parole Board,               :
                                         :
                    Respondent           :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge (P.)
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  January 8, 2026


         Jordan Watkins (Parolee) petitions for review of the September 27, 2024 decision of the Pennsylvania Parole Board (Board) denying his petitions for administrative review of the Board's decision to recommit Parolee as a convicted parole violator (CPV) pending sentencing in federal court on unrelated charges.  We quash the appeal.

         On February 21, 2017, Parolee was sentenced to a 2- to 7-year term of imprisonment based on his guilty plea in the Court of Common Pleas of Lycoming County (trial court) to a charge of receiving stolen property.  *See* Certified Record (CR) at 1.  With an effective date of June 6, 2016, the Department of Corrections (DOC) calculated a minimum expiry date of June 6, 2018, and a maximum expiry date of June 6, 2023.  *See id.* at 2.  Parolee was released on parole on his minimum expiry date of June 6, 2018.  *Id.* at 7.

While on parole, on August 18, 2020, the Federal Bureau of Investigation (FBI) served a federal warrant for Parolee's arrest for a new federal charge of conspiracy to distribute fentanyl (Federal Charge). *See* CR at 26. On August 19, 2020, the following day, Parolee was located and he was taken into custody by FBI Agents. *Id.* That same day, the federal court issued an Order of Detention directing that Parolee be held on the charge. *Id.* at 89. Parolee was housed in the Columbia County Prison on the Federal Charge from August 19, 2020, to January 27, 2024. *See id.* at 36, 76.

As a result of the Federal Charge, on September 2, 2020, the Board issued a warrant to commit and detain parolee. *See* CR at 19. On September 21, 2020, the Board issued a decision detaining Parolee pending disposition of the Federal Charge. *See id.* at 20.[1]

Ultimately, on August 2, 2023, Parolee pleaded guilty to the Federal Charge, and sentencing in that matter was deferred pending a presentence investigation. *See* CR at 27, 95. As a result of his conviction on the Federal Charge, on January 10, 2024, the Board lodged a Warrant to Commit and Detain Parolee for the parole violation. *See id.* at 22.

In this regard, on January 18, 2024, the federal court granted Parolee's motion to lift his federal detainer, and to release him to the Board's detainer upon his return to a state correctional institution (SCI) designated by the DOC. *See* CR at 95. The federal court's order also directed the United States Marshal to promptly lodge its August 19, 2020 order of detention with the relevant SCI, and preserved all of the conditions set forth therein. *See id.*

---

[1] On June 5, 2023, the Board issued an order to release Parolee to be effective on his maximum expiry date of June 6, 2023. CR at 21.

On May 5, 2024, the Board conducted a revocation hearing at SCI-Benner. CR at 30-44. At the hearing, Parolee readily admitted the conviction on the Federal Charge underlying the parole revocation, instead arguing in support of mitigating the backtime to be imposed on his recommitment. *See id.* at 39-40.

On June 20, 2024, the Board mailed Parolee its recommitment decision that states, in pertinent part:

> RECOMMIT TO A[N SCI] AS A [CPV] TO SERVE A RECOMMITMENT PERIOD OF 24 MONTHS WHEN AVAILABLE PENDING SENTENCING ON YOUR FEDERAL CONVICTION AT (INDICTMENT NUMBER 4:20-CR-00204-01).
>
> -- 24 MONTHS FOR THE OFFENSE OF CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE.
>
> EVIDENCE RELIED ON: ACKNOWLEDGEMENT OF CONVICTION. COPY OF COURT RECORD[. . . .] DOCUMENTED [BOARD] FORMS. STATE EXHIBITS. ALL EXHIBITS IN STATES EVIDENCE. DEFENSE EXHIBITS. ALL EXHIBITS IN DEFENSE EVIDENCE.
>
> REASON: CONVICTION IN A COURT OF RECORD ESTABLISHED.

CR at 97.

On July 2, 2024, the Board received Parolee's counseled petition for administrative relief of the Board's recommitment decision. *See* CR at 101.[2] In relevant part, Parolee asserted that "[t]he Board has erred and abused its discretion in deeming [him] unavailable to serve his 24-month recommitment until he has been federally sentenced as the [Prisons and Parole Code, 61 Pa. C.S. §§101-6309,] clearly requires that [his] recommitment be served prior to a new federal sentence,"

---

[2] Parolee had previously filed a defective *pro se* administrative remedies form.

and that "[t]he Board's refusal to deem him available to serve the recommitment is hindering his rehabilitation and causing him needless anguish." *Id.*

In a decision mailed September 27, 2024, the Board denied Parolee's request for relief stating the following, in relevant part:

> The decision in question recommitted [Parolee] as a [CPV], when available, pending sentencing on his [Federal Charge]. The "when available" language indicates that he is not available to re-start service of his [O]riginal [S]entence. In this case, he is unavailable, pending sentencing, for the Board to compute his maximum date. Additionally, until he becomes available to serve his [O]riginal [S]entence, a recalculation decision, including any potential credit, cannot be finalized. Thus, he was properly recommitted, when available, and any challenges regarding credit from that decision are deemed premature. ***A final decision will be issued upon sentencing which will trigger his appeal rights regarding final calculations and order of sentence service***.
>
> Accordingly, the Board decision recorded on June 5, 2024 (6/20/2024) is hereby AFFIRMED.

CR at 102 (emphasis added). Parolee then filed the instant appeal of the Board's decision.[3]

The sole claim raised by Parolee on appeal is that the Board erred in deferring the calculation of the service of his Original Sentence and his maximum expiry date pending sentencing on the Federal Charge. However, as we have previously explained:

---

[3] Our review of the Board's decision is limited to determining whether the Board's decision is supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

Before we can reach the merits of this appeal, we must determine whether this court has jurisdiction to do so. Under Section 763(a)(1) of the Judicial Code, this court has jurisdiction over appeals from final orders of government agencies. 42 Pa. C.S. §763(a)(1); *City of Phila[delphia] v. Workers' Comp[ensation] Appeal B[oard] (Mellon)*, 885 A.2d 640 (Pa. Cmwlth. 2005) (*Mellon*). A final order disposes of all claims or parties or is defined as such by statute. Otherwise, the order is interlocutory, and, with limited exceptions, the court does not have jurisdiction over an interlocutory appeal. As this court stated in *Mellon*:

Although appeals are generally only permitted from final orders, in limited circumstances, a party can take an interlocutory appeal. *Kramer v. Zoning Hearing B[oard] of Upper Saucon T[ownship]*, 641 A.2d 685 ([Pa. Cmwlth.] 1994). An interlocutory appeal may be taken when a government unit, such as the [Workers' Compensation Appeal] Board, remands to the administrative agency "for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion." Pa.R.A.P. 311(f)(1).[FN 1[4]]

FN 1 In addition to the interlocutory appeal exception in Rule 311(f), other provisions of Rule 311 and Rule 313 provide further exceptions to the final order doctrine not applicable here. *See* Pa.R.A.P. 311 and 313. Moreover, neither party has asked permission to appeal, nor have they sought an amendment to the Board's order which may

---

[4] Pa.R.A.P. 311(f)(1) states, in relevant part: "An appeal may be taken as of right from . . . an order of a . . . government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion[.]" *See also* Pa.R.A.P. 311(a)(8) (an appeal may be taken as of right from "[a]n order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties").

5

> have removed the jurisdictional impediment to this appeal.
>
> If a local agency must engage in fact-finding to determine an award calculation, administrative discretion is involved, the order is not final and, thus, the appellate court must quash the appeal. *P.R. Hoffman Materials v. Workmen's Comp*[*ensation*] *Appeal B*[*oard*] *(Zeigler)*, 694 A.2d 358 (Pa. Cmwlth. 1997).

*Mellon*, 885 A.2d at 642.

*Arguelles v. Pennsylvania Board of Probation and Parole*, 892 A.2d 912, 913-14 (Pa. Cmwlth. 2006).

As outlined above, the Board's disposition of Parolee's request for administrative review in this case was merely preliminary, to be later made final following sentencing on the Federal Charge. In fact, on August 27, 2025, Parolee's counsel filed a petition for review (PFR) of the Board's subsequent August 5, 2025 decision recommitting Parolee as a CPV and calculating the credit for service of his Original Sentence and his maximum expiry date following sentencing on the Federal Charges. We are currently waiting for the parties to file briefs in support of their respective positions in that pending appeal. *See Watkins v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 1096 C.D. 2025, filed August 5, 2025), PFR ¶¶4-6 (seeking review of the Board's August 5, 2025 denial of Parolee's request for administrative relief concerning the Board's June 5, 2025 recommitment decision, and specifically asserting that "the Board erred in recalculating his parole violation maximum date

6

by failing to [credit] his [O]riginal [S]entence with the time to which he was entitled").[5]

Because the order appealed herein is not a final appealable order, or an interlocutory order that is appealable as of right, the above-captioned appeal will be quashed. *See Arguelles*, 892 A.2d at 914 ("Here, the Board ordered a further evidentiary hearing on whether [the parolee] was entitled to credit for the time he spent at [the community corrections center]. Because additional evidence and/or testimony will be taken, and new findings made, the hearing on remand will involve the exercise of administrative discretion. Thus, this appeal does not meet the requirements of Pa.R.A.P. 311(f)(1) and we do not have jurisdiction to hear it.").[6]

---

[5] It is proper for this Court to take judicial notice of the docket entries filed in this Court in this matter and Parolee's subsequent appeal of the Board's final decision, and in the federal court. *See, e.g.*, Pa.R.E. 201(b)(2) (permitting courts to take judicial notice of facts that may be "determined from sources whose accuracy cannot reasonably be questioned"); *Moss v. Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018) ("[T]his Court may take judicial notice of information contained in the publicly[ ]available docket of [the underlying proceedings]," and "'[i]t is well settled that this Court may take judicial notice of pleadings and judgments in other proceedings . . . where, as here, the other proceedings involve the same parties.'") (citations omitted); *Elkington v. Department of Corrections* (Pa. Cmwlth., No. 478 M.D. 2018, filed May 27, 2021), slip op. at 9 n.4 ("Although not introduced by the parties, the underlying criminal proceedings are directly related to the claims made here and are referenced throughout the pleadings, and this Court may take judicial notice of the dockets of other courts of the Commonwealth.") (citations omitted); *see also* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. . . . Non-precedential decisions . . . may be cited for their persuasive value.").

[6] *See also Gantz v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 2614 C.D. 2015, filed July 7, 2016), slip op. at 5-6 ("Just as in *Arguelles*, here, the Board ordered a further evidentia[ry] hearing on whether [the p]arolee was entitled to credit for the time he spent in the community center, for which additional evidence and/or testimony will be taken and new findings will be made. Because the hearing on remand will involve the exercise of administrative discretion, this appeal does not meet the requirements of Pa.R.A.P. 311(f)(1) and we do not have jurisdiction to hear it.") (footnote omitted).

Accordingly, the above-captioned appeal is quashed.


_____
MICHAEL H. WOJCIK, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jordan Watkins,                      :
                                           :
                Petitioner     :
                                           :
          v.                     : No. 1400 C.D. 2024
                                           :
Pennsylvania Parole Board,      :
                                           :
             Respondent :

**O R D E R**

AND NOW, this 8th day of January, 2026, the above-captioned appeal is QUASHED.

_____
MICHAEL H. WOJCIK, Judge